WEST FELICIANA RAILROAD COMPANY *v.* C. A. THORNTON.

Where the Clerk of a county court in another State, certifies the exemplification of a record, as being a true and correct copy of the record, &c., as far as the same remains on file and of record in his office, he certifies all that the law requires him to certify. It is not a valid objection to the completeness of the record, that the reasons on which the judgment was founded are not set forth; the reasons for the judgment do not form a part of the decree. The opinion of the court may be and often is given *ore tenus.* The judgment is of necessity a matter of record.

The Clerk of the county court properly copied into the exemplification of the record, and certified as a part of it, the decree made in the case by the High Court of Errors and Appeals, and the objection that it is a copy of a copy, is not tenable. Any paper properly made a part of the record in the cause, although in reality a copy, becomes an original for the purpose of making out a transcript of the cause as it appears of record in the court whence it comes.

Where a judgment is rendered upon a note, the latter is merged in the former, and can be severed only by a reversal or rescission of the judgment.

A final judgment of a competent court of a sister State after citation, is conclusive of the matters therein determined between the same parties here, in the absence of evidence positively impeaching it.

APPEAL from the District Court of Rapides, *Ogden,* J.

*Mercer Canfield,* for plaintiff. *W. B. Lewis,* and *W. B. Hyman,* for defendant and appellant.

SPOFFORD, J. This suit was brought in the parish of Rapides, upon a judgment rendered against the defendant, after contestation, in a court of the State of Mississippi. The original suit was founded upon a promissory note executed by the defendant. His defence in Mississippi was the statute of limitations of that State, where the note was executed and where it was payable.

The cause was originally tried in the Circuit Court for Wilkinson County, Mississippi. There were three trials, and three successive verdicts for the plaintiff. The first two were set aside, but upon the third verdict, a final judgment was rendered for the plaintiff. The defendant prosecuted a writ of error in the High Court of Errors and Appeals, where the judgment of the Circuit Court of Wilkinson County was affirmed, with five per cent. damages, pursuant to a Mississippi statute.

The defendant in the present suit excepted to the introduction in evidence of the exemplification of the record by the Clerk of the Circuit Court of Wilkinson County, Mississippi. The Clerk's certificate is in the following form:

"THE STATE OF MISSISSIPPI, }
Wilkinson County. }

"I, *Henry J. Butterworth,* Clerk of the Circuit Court in and for said county and State aforesaid, do hereby certify the foregoing sixteen pages to be a true and correct copy of the record, first and last executions, also of the final decree of the High Court of Errors and Appeals, with the endorsements and Sheriff's return thereon, in the case of the *West Feliciana Railroad Company* against *Charles A. Thornton,* as fully as the same remains on file and of record in my office. Given under my hand and the seal of," &c., &c.

The objections to the certificate as presented by the bill of exceptions are : *first,* that it shows the record to be incomplete; and, *second,* that the Clerk of Wilkinson County Court could not certify to the correctness of the copy of the final decree of the High Court of Errors and Appeals.

Undoubtedly a mutilated record should not be received in evidence. But it

should appear to be mutilated before the court is called upon to reject it. W.Feliciana R.R.
Here there is no mutilation. The Clerk certifies all that the law authorizes Thornton.
him to certify; that he has made a true copy of the record in the cause, as
fully as the same remains on file and of record in his office. His certificate
does not disclose that any thing is missing, which was ever of record in the
cause. Nor does any thing seem to be wanting to the completeness of the
record. It was urged in the oral argument, that the reasons on which the
High Court of Errors and Appeals founded their judgment upon the writ of
error, are wanting, and that the record is, therefore, fatally defective. But in
no court with whose jurisprudence we are conversant, do the reasons for judg-
ment form an integral part of the judgment itself. The opinion of the court
is but an exposition of the motives upon which its decree is based. The
opinion of the court may be, and in practice often is given *ore tenus;* the judg-
ment is of necessity a matter of record. For the sake of greater accuracy
and to avoid as far as possible the mistakes of reporters, a practice has grown
up in the courts of England, France and the United States, of reducing to
writing the reasons which influence the decision of the court in each case, and
of reading the opinion thus prepared before pronouncing the decree which
alone, in strict language, forms the "judgment" of the courts. Even if the
judgment is not a logical sequence of the opinion, the judgment can never be
impeached as between the parties on that account. The decree of the High
Court of Errors and Appeals in this case, is perfectly free from ambiguity;
the reasons which that court may have given for rendering it are of no conse-
quence to us, and can in no degree affect a judgment which, upon its face, is
complete, lucid and conclusive of the matter at issue between the parties. Not
only are the reasons for that judgment unnecessary to the determination of
the present controversy, but there is nothing to indicate that they ever formed
a part of the record which the Wilkinson County Clerk attempted to certify.

But it was urged as a second objection to the admissibility of the transcript,
that the Clerk of the Circuit Court could not certify a decree of the High
Court of Errors and Appeals, and that his copy of that decree is but the copy
of a copy, and therefore inadmissible. The judgment of the High Court of
Errors and Appeals, authenticated by the certificate of the Clerk of that court,
and sent down to the Clerk of the Wilkinson County Court to be preserved
among its archives, formed an essential part of the record in this cause. It
was the duty of the Wilkinson County Clerk to copy it into the exemplifica-
tion of the record which he sent hither; and the objection that it is a copy of
a copy, is no more tenable than would be a similar objection to his transcrip-
tion of any authentic copy of a public act or record, which either of the par-
ties might have adduced in evidence upon trial. Any paper thus made a part
of the record in the cause, although in reality a copy, becomes an original for
the purpose of making out a transcript, which shall embody a truthful history
of the cause, as it appears of record in the court whence it comes.

The objections to the admissibility of the exemplification were, therefore,
properly overruled.

In this court, it has not only been strenuously urged that the Mississippi
judgment was against evidence and contrary to Mississippi law, but that we
can go behind that judgment and entertain the plea of prescription under the
Louisiana Code to the note upon which the Mississippi suit was based. It is
conceded that the judgment in Mississippi was rendered after contestation be-

tween the parties, by a court of competent jurisdiction, and no fraud is alleged. Under these circumstances, it is far beyond the appellate power of this court, to alter or revise the decrees of the High Court of Errors and Appeals, or of any other court of Mississippi. And it would be subversive of fundamental principles and productive of litigation without end, to open a judgment thus rendered and permit the defendant to plead either the old or any new defences to the original cause of action. The promissory note which the plaintiff sued upon in Mississippi, has no longer a legal existence; it is merged in the judgment, and it can only be severed from it by the reversal or rescission of that judgment. *Abat* v. *Buisson*, 9 La. 418; *Oakey* v. *Murphy*, 1 An. 372; *Smalley* v. *Creditors*, 3 An. 386; *Dennistoun* v. *Payne*, 7 An. 383.

The prescription *liberandi causa* appertains to the remedy, and is governed by the law of the former. The defendant can plead any prescription established by the law of Louisiana to the particular action brought against him here; but this is a personal action of debt upon a judgment—it is not an action upon a promissory note. The prescription applicable to judgments is ten years. But the judgment sued upon was rendered in April, 1855, and this suit was brought in June, 1856.

It is well settled, that a judgment rendered in another State of the Union, properly authenticated, has the same force and effect here as in the State where it was rendered. *Tipton* v. *Mansfield*, 10 La. 193; *Briggs* v. *Spenser*, 8 Rob. 265; 7 Cranch 481; 3 Wheat. 234. And a final judgment of a competent court of a sister State, after citation, is conclusive of the matters therein determined between the same parties here, in the absence of evidence positively impeaching it. *Rowand* v. *Jarvis*, 5 An. 43; *Lewis* v. *Wilder*, 4 An. 574; *Hazard* v. *Agricultural Bank of Mississippi*, 11 Rob. 335; *Machee* v. *Cairnes*, 2 N. S. 599.

There is nothing in the pleadings or the evidence to impeach the judgment sued upon; and the action upon that judgment is not prescribed by our law.

We have not noticed the bill of exceptions to the refusal of the prayer in the defendant's answer for a trial by jury, because, although the point has been brought to our attention, the appellant's counsel has not asked that the cause be remanded for a jury trial, but has chosen to put it before us on its merits, and to ask a final judgment at our hands. This course was the more proper, as the defence involves only questions of law, and as our opinion upon these questions is decisive of the case, it would be worse than useless to subject the parties to the expense and delay of a new trial.

Judgment affirmed.