### No. 2274.—John Davidson *v.* Carroll, Hoy & Co.

The reasons given by the court for judgment form no part of the judgment itself, and the judge of the lower court is not bound by any expressions used by the Supreme Court outside of the decree. Therefore, the decree of the Supreme Court which remands the cause to be proceeded with according to law, can not be taken by the judge *a quo* as finally deciding the questions at issue between the parties.

APPEAL from Seventh District Court, parish of Orleans. *Collens, J. Lacey & Butler* and *J. D. Hill*, for plaintiff and appellant. *Randolph, Singleton & Browne*, for defendants and appellees.

Howell, J. This case was before this court in 1868, and is reported in 20 An. 199, where the facts are succinctly stated. This appeal is taken by plaintiff from a judgment awarding to defendants a *pro rata* portion of the proceeds of certain property sold in the suit of Davidson *v.* Davis & Cofield.

In the former appeal, the court, after stating the law, that defendants, Carroll, Hoy & Co., who were the sureties of Davis & Cofield for the payment of certain mortgage notes of plaintiff, as a part of the price of the property in question; were bound to, and not for, plaintiff, and in paying said notes to the holders extinguished the debt of plaintiff and acquired no mortgage or privilege on the property, used the following language: " By effect of sale from Davidson to Davis & Cofield, the vendor's privilege was created on the land to secure the payment of the assumption they made to pay his notes, as well as to secure payment of their own notes, which they gave to him;. and Carroll, Hoy & Co. have, by legal subrogation, the vendor's privilege on the land, which avails as a mortgage to secure the amount they paid as securities on the assumption of Davis & Cofield, with interest, and they must be paid out of the proceeds of the land ratably with Davidson." So much of the judgment, then appealed from, as decreed that defendants had no mortgage or privilege, was reversed, and the case was remanded to be proceeded with " according to law."

The district judge considered the above opinion as authority binding upon him and as finally deciding the legal rights of the parties, and that he only had to settle the proportions of each party thereunder; and the defendants maintain the same position before us.

It is well settled that the reasons for judgment, strictly speaking, form no part of the judgment itself. The decree in this instance simply reversed a portion of the judgment appealed from, and remanded the cause, to be proceeded in *according to law*. This left the question embraced in that portion of the judgment undecided, and directed that the case should be tried *according to law*.

It seems clear that, under the law and the facts presented in the record now before us, the defendants, as securities *to* plaintiff and bound to see the notes in question paid to the release and acquittance of plain-

tiff, can take nothing until he is fully paid, that is, they can take only in case there is a surplus coming to their principals, Davis & Cofield, for whom they were sureties. This was practically decided in the first portion of the former opinion, and what was said in that part above quoted, does not preclude us from passing on the question as one of law, inasmuch as the decree leaves it open.

It is therefore ordered, that the judgment appealed from be reversed; and it is further ordered, that there be judgment in favor of plaintiff for the amount of the proceeds of the property in controversy in preference to the defendants, who can take only after the amount due plaintiff and his bonders is paid. Defendants to pay costs in both courts.

Rehearing refused.