## No. 10,776.

### B. PENOUILH, TUTOR, VS. SIMON ABRAHAM ET AL.

1. In the decree rendered, and not in the opinion pronounced, will be found the thing adjudged.
2. Commentaries on evidence contained in the opinion, not confirmed by decretal action based thereon, do not form the basis of *res judicata*.
3. Where on application for rehearing a certain theory of the evidence is advanced on which a modification of the former decree is asked, if the modification asked is denied, expressions contained in the opinion refusing the rehearing, accepting or even approving the theory advanced, can not be invoked as *res judicata* in a subsequent suit in which the same facts come in controversy.
4. The plea of *res judicata* is *stricti juris;* it must be established beyond controversy, and doubts enure to the benefit of the party against whom it is pleaded.

APPEAL from the Twentieth District Court, Parish of Lafourche. *Beattie, J.*

*E. A. O'Sullivan* for Plaintiff and Appellant.

*L. P. Caillouet* for Defendants and Appellees.

The opinion of the court was delivered by

FENNER, J. In a former suit between the same parties, Simon Abraham took out executory process to enforce his mortgage on the property of the minors represented by the plaintiff tutor.

The tutor enjoined the seizure on the ground that time had been granted by agreement between the parties. On this issue judgment was rendered in the District Court dissolving the injunction. Appeal was taken to this court. We reversed the judgment, and ren-

dered a decree setting aside the order of seizure and sale and perpetuating the injunction. Application for rehearing was made on various grounds, of which only one was deemed worthy of comment. It was this, that as the time granted was for one, two and three years in equal instalments, and as they were to be computed from the date of the agreement, and as the first year had expired at. the date of the order of seizure and sale, the injunction should have been maintained only to the extent of the amount not due and dissolved as to the rest; and we were asked to amend our decree accordingly. We declined to amend our decree, and refused the rehearing. See Penouilh vs. Abraham, 42 An. 326.

In the course of our opinion on the application for rehearing we accepted as true the claim that under the agreement the delays granted ran from its date, and that the first instalment was due, and we used language which perhaps might be construed as intimating our own opinion to that effect; but we said:

" In such case he ought to have. asked the sale on proper terms, allowing to the adjudicatee the time to which the debtors were entitled. He has not done so either in his original petition or in any other subsequent proceeding below or on appeal. We can not amend the judgment in his favor so as to allow him to proceed further in the seizure and sale case.

" What can be done is simply to explain that he is not perpetually enjoined from collecting his debt, but that he is not allowed to do so in manner and form in which he has attempted to do so. His rights. in other respects are fully reserved."

Thereafter the creditor, Abraham, took out a new order of seizure and sale for one-third of his debt as due, and on terms of credit for the other two-thirds. The tutor again took out an injunction setting up the same agreement and promises of delay which had been the basis of the former injunction, and claiming that no portion of the debt was due. To this petition for injunction Abraham opposed the plea of *res judicata*, which was sustained by the judge *a quo*, and from his judgment thereon the present appeal is taken.

The basis of the plea is not the decree or judgment rendered by this court, but merely the expressions referred to above contained in the opinion on rehearing.

It is elementary that in the decree rendered, and not in the opin–

ion pronounced, will be found the thing adjudged.   Keane vs. Fisher, 10 An. 261.

The reasoning and opinion of the court on the evidence are not *res judicata* unless the subject matter be definitely disposed of by the decree.   Pepper vs. Dunlap, 5 An. 200; Same, 9 An. 136; Fisk vs. Parker, 14 An. 491; Paul vs. Creditors, 7 N. S. 430.

The plea of *res judicata* is *stricti juris*, and must be established beyond question, and all doubts enure to the benefit of the party against whom it is pleaded.   9 Mart. 521; 3 An. 530; 4 An. 451; 5 An. 503.

The plea here was manifestly unfounded.

The only decree rendered by this court in the former suit was one perpetuating the injunction and quashing the former writ of seizure and sale.

The only issue was whether that writ was issued prematurely, and we decided that, in manner and form as prosecuted, it was, and we decided nothing else.

The issue as to whether it would have been premature if it had been taken out in the manner and form now pursued, was not decided by us.   The creditor asked us to decide it, and to grant him relief, but we declined to do so, for the reasons given, viz: that his pleadings did not support such a demand.   We therefore refused it, and simply reserved his rights.   This left the entire subject matter of that contention "in the air," undetermined by any decree, and whatever we may have said in our opinion by way of commentary on the evidence, being followed by no decretal action, can not serve as basis for the plea of *res judicata*.   *Non constat* that the evidence adduced in support of the present injunction may not be very different from that formerly before us.

We are constrained to reverse the judgment appealed from, and to remand the case.

It is therefore adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that the cause be now remanded to the lower court to be proceeded with according to law.