(38 South. 827.)

No. 15,056.

SPREMICH v. MAUREPAS LAND & LUM-
BER CO., Limited.

(June 5, 1905.)

APPEAL—JURISDICTIONAL AMOUNT—TRANSFER
OF CAUSES.

1. For the purposes of the appeal, the plain-
tiff is bound by the allegations of his petition
as to the value of the property claimed by him,
and neither his right of appeal nor the juris-
diction of the court to which the appeal is
taken fluctuate with the market value of such
property.

2. Act No. 56 of 1904, providing for the
transfer of causes appealed to the wrong courts,
cannot be applied to a case so appealed in
which the delay for appeal to the court vested
with jurisdiction had expired before the statute
became operative, since the party in whose fa-
vor the judgment was rendered had acquired a
vested right therein which could not be devest-
ed by legislation.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish
of Orleans; Walter Byers Sommerville,
Judge.

Action by Peter Spremich against the Mau-
repas Land & Lumber Company, Limited.
Judgment for defendant, and plaintiff appeals.
Dismissed.

Branch Knox Miller, for appellant. Far-
rar, Jonas & Kruttschmitt, for appellee.

On Motion to Dismiss Appeal.

MONROE, J. Petitioner alleges that on
and prior to February 27, 1893, he was an
actual settler on certain lands belonging to
the state of Louisiana, which he describes;
that they are of the value of $1,600, and
that he had improved the same, and on the
date mentioned filed in the office of the regis-
ter of the state land office a declaration to
the effect that he was in possession, and that
he thereby acquired a right of pre-emption
and pre-entry with respect thereto, but that
the Pontchartrain levee board, in disregard
of said rights, on or about February 3, 1894,
undertook to sell said lands to the Maurepas
Land & Lumber Company, Limited; and he
prays that said company be cited, and that
he have judgment annulling said pretended
sale, and decreeing him entitled to purchase
said lands, by preference, at 75 cents per acre.
The defendant excepted and answered, and
there was a trial on the merits, resulting in
a judgment (signed June 25, 1903) dismissing
the suit, and from the judgment so rendered
the plaintiff appealed by a motion in which
he alleges that the value of the property
exceeds $2,000. The defendant moves to dis-
miss the appeal on the ground that the mat-
ter in dispute does not exceed $2,000, and
hence that this court is without jurisdiction.
The defendant files an affidavit of a third
party as to the value, and his own affidavit
to the effect that the appeal was not taken
for delay, and it was suggested by his coun-
sel in argument that the property has increas-
ed in value since the suit was filed.

The motion must prevail. The plaintiff is
bound, quoad the question of the appeal, by
the allegation of his petition. Nor does it
affect the question that the land has become
more or less valuable since the institution of
the suit, since neither the right of appeal nor
the jurisdiction of the court to which the
appeal is taken fluctuates with the market
value of the property which may be the
subject of the litigation. Act No. 56 of 1904,
which provides for the transfer of appeals
erroneously taken from this court to the
Courts of Appeal, respectively, and vice versa,
did not become operative in this parish until
after the 25th day of June, 1904, more than a
year after the signing of the judgment in this
case. At that time plaintiff's right to appeal
had ceased to exist, and the defendant had
acquired a vested right in the judgment,
which the General Assembly was powerless
to devest. The statute in question cannot,
therefore, be applied. Sutherland on Statu-
tory Construction, §§ 478, 480; Black on In-
terpretation of Laws, 267; Gilman v. Tucker,
128 N. Y. 190, 28 N. E. 1040, 13 L. R. A. 304,

26 Am. St. Rep. 464; McCabe v. Emerson, 18 Pa. 111; Greenwood v. Butler, 52 Kan. 424, 34 Pac. 967, 22 L. R. A. 465; Weaver v. Lapsley, 43 Ala. 224; Merchants' Bank of Danville v. Ballou (Va.) 32 S. E. 381, 44 L. R. A. 306, 81 Am. St. Rep. 715.

It is therefore ordered, adjudged, and decreed that the appeal herein be dismissed, at the cost of the appellant.