*85 On Motion to Dismiss Appeal.
LAND, J.
In December, 1907, the Quaker Realty Company obtained a judgment confirming and quieting its tax title to four ■certain squares of ground in the city of New Orleans. The petition alleged that the value ■of the property was the full sum of $1,000. The city of New Orleans was a party defendant to the suit.
In November, 1909, the city of New Orleans filed a petition to annul said judgment, on the ground that a certain interest in the property in question was held by the city of New Orleans, under the will of John Mc-Donough, in trust for public school purposes, and was, therefore, not liable to assessment and taxation, and on the further ground of certain defects in the tax proceedings.
The Quaker Realty Company filed an exception of no cause of action, which was sustained, and the petition of the city of New Orleans was dismissed. On appeal by the city of New Orleans to the Court of Appeal, the judgment was reversed, the exception was overruled, and the case was remanded to the court below for further proceedings according to law.
On motion of the Quaker Realty Company, the judgment of the Court of Appeal was ordered to be registered and executed, and said company answered, setting forth it's chain of title, and specially denying that the property belonged to the city of New Orleans, in trust for the public.
After a protracted trial, judgment was rendered in favor of the city of New Orleans. The Quaker Realty Company, in March, 1912, filed several affidavits stating that the property was worth $6,700, and appealed to the Supreme Court. The city of New Orleans has moved to dismiss the appeal, on the gtound that this court is without jurisdiction ratione materise.
It is evident that the Supreme Court has no jurisdiction of the first suit instituted in 1907, as the matter in dispute was alleged to be of the value of $1,000.
The action to annul the judgment rendered in the first suit involved the same subject-matter. The city of New Orleans appealed from the judgment dismissing its petition to the Court of Appeal. The Quaker Realty Company did not except to the jurisdiction of that tribunal, but acquiesced in the jurisdiction of that court, and caused its judgment to be registered and executed in the district court. The affidavits filed by the appellant in March, 1912, show the value of the property as of that date. The test of jurisdiction is the value of the property at the date of the institution of the suit.
In Spremich v. Maurepas Land & Lumber Co., 114 La. 1053, 38 South. 827, the plaintiff alleged the value of the land in dispute to be $1,000, and in his motion for appeal alleged that the value of the property exceeded $2,000. The court said:
“The plaintiff is bound, quoad the question of appeal, by the allegation of his petition. Nor does it affect the question that the land has become more or less valuable since the institution of the suit, since neither the right of appeal nor the jurisdiction of the court to which the appeal is taken fluctuates with the market value of the property.”
We conclude that the record shows jurisdiction in the Court of Appeal.
It is therefore ordered that this cause be transferred to the Court of Appeal for the Parish of Orleans, provided that the appellant make and file the statutory affidavit within 10 calendar days from the date of the finality of this decree; and it is further ordered that, in default thereof, this appeal be dismissed, at the cost of the appellant.