(125 So. 273)

No. 29705.

**STATE ex rel. PURITAN CO., Limited, v. CITY OF NEW ORLEANS.**

July 8, 1929. On Rehearing Dec. 2, 1929.

Bertrand I. Cahn, City Atty., and Francis P. Burns, Asst. City Atty., both of New Orleans, for appellant.

W. W. Wall, of New Orleans, for appellee.

ST. PAUL, J. The city of New Orleans claims to be the owner of a one-fourth interest in and to certain lots in squares Nos. 495, 501, 502, 503, 620. Said squares lie north of Broad street, between the prolongation of Philip and Toledano streets. The city claims its interest through John McDonogh.

In order to protect such interest as the city might have in said lots, by preventing the running of prescription against it, the city filed notice of its claims with the register of conveyances under the provisions of Act No. 169 of 1926.

The Puritan Company claims the same property by purchase from Oliver W. Rembert, who had acquired the same from the Quaker Realty Company. It brings this suit to cancel the aforesaid notice from the conveyance office, as constituting a cloud upon its title.

The Quaker Realty Company had originally acquired said property at tax sale, and there is no question that as to a three-fourths

interest in said lots its title is unimpeachable, and is not even questioned by the city. On the other hand, this court has held in Carrere v. City of New Orleans, 162 La. 981, 111 So. 393, that John McDonogh, through whom the city claims said one-fourth interest, never had any title whatever to any lands north of Broad street in this section; so that McDonogh could convey no title to the city as to said one-fourth interest claimed.

But the defense of the city of New Orleans is that as to these particular lots the question of title to an undivided fourth interest therein has heretofore been passed upon and adjudicated favorably to the city and adversely to the Quaker Realty Company, through whom the Puritan Company claims, to wit, in the matter entitled "In re Quaker Realty Company, Praying for Confirmation of Title," No. 5669 of the docket of the Court of Appeal for the Parish of Orleans, reported in 10 Orl. App. 79, which is also No. 83844 of the civil district court for said parish.

In that case the Quaker Realty Company sought to confirm its tax title contradictorily with the city. A default was taken against the city and was confirmed. Thereupon the city brought an action to annul said judgment. An exception of no cause of action was sustained by the court below, but was reversed by the Court of Appeal. See In re Quaker Realty Co., 7 Orl. App. 296. The suit to annul the judgment of confirmation was then tried in the court below and decided in favor of the city. An appeal was then taken to this court, and this court, in declining jurisdiction and transferring the case to the Court of Appeal, found that the issue involved was the title to the property and the matter in dispute was the value thereof; that the city claimed title to the property and the Quaker Realty Company denied the city's title and set up title in itself. In re Quaker Realty Co., 131 La. 84, 59 So. 23.

When the case came before the Court of Appeal, that court also found that to be the issue involved, saying: "If we find that the City is the owner of said squares, the tax sale must be set aside, but if we come to the conclusion that she is not the owner of them, then, she has no right to raise those questions [i. e. other causes of nullity of the tax sales]." And the conclusion of that court was [even though wrong] that the city had a one-fourth interest in said lots.

It is true that the *form* of the judgment was that the original judgment of confirmation be annulled in so far as the interest of the city was concerned. But the *substance* of the judgment in view of the issues involved, to wit, title vel non in the city, was that the city was the owner of an undivided one-fourth interest in the lots.

That issue is therefore not open to further inquiry, but is foreclosed by said judgment reported as aforesaid in 10 Orl. App. 79. And accordingly the judgment for plaintiff must be reversed.

The judgment appealed from is therefore reversed, and it is now ordered that plaintiff's demand be rejected at its cost in both courts.

OVERTON, J., dissents.

O'NIELL, C. J. (dissenting). The facts of this case are stated accurately in the prevailing opinion, from which I dissent. The lots in contest are on the north side of Broad street, and are therefore not a part of the tract of land which John McDonogh bequeathed to the city of New Orleans and the city of Baltimore. It was so decided in City of New Orleans v. Union Lumber Co., 145 La. 476, 82 So. 588, and in Carrere v. City of New Orleans, 162 La. 981, 111 So. 393. The Puritan Company, therefore, acquired a valid title to the lots from the Quaker Realty Com-

pany; and the city of New Orleans has never had any title whatever to the lots. The prevailing opinion—from which I respectfully dissent—is that the city of New Orleans must be deemed the owner of a fourth interest in these lots in virtue of the city's plea of res judicata, founded upon the decree rendered by the Court of Appeal in the suit entitled "In re Quaker Realty Company Praying for Confirmation of Title." The decree rendered by the Court of Appeal in that case did not declare or purport to declare who owned the lots. The decree was merely that a judgment which had been obtained by the Quaker Realty Company against the city of New Orleans, by default, was null. In other words, the Quaker Realty Company had obtained a judgment by default against the city, declaring, correctly, that the Quaker Realty Company owned the lots. The city then sued to annul the judgment, on several grounds, mainly that the judgment by default was obtained improperly, because the city had filed an answer to the suit. It is true that the city alleged, in its suit to annul the judgment of the Quaker Realty Company, that the city owned the lots; but that allegation, of course, had reference to the merits of the original suit of the Quaker Realty Company, and was not a cause for which the judgment which had been rendered in the original suit could be annulled in a subsequent action.

The judgment which the Court of Appeal affirmed in the action of nullity, which is now pleaded as res judicata, and as deciding that the city of New Orleans owned a fourth interest in these lots, was in these words, viz.:

"In this matter, submitted to the court for adjudication, the court, considering the law and the evidence, and for the reasons in writing on file herein;

"It is ordered, adjudged and decreed that the judgment heretofore rendered in favor of the Quaker Realty Co., Ltd., and against the City of New Orleans, on December 13th, 1907, and signed December 19th, 1907, in the matter of In Re Quaker Realty Co. Ltd. praying for confirmation of title, No. 83,844 of the Docket of the Civil District Court, be and is hereby annulled and set aside."

The effect of that judgment, when affirmed by the Court of Appeal, was to leave the question of ownership of the lots undecided —as it was in the beginning of the litigation between the Quaker Realty Company and the city of New Orleans. The Quaker Realty Company asked for a rehearing of the city's action of nullity, in the Court of Appeal, and, in refusing the rehearing, the Court of Appeal construed its decree thus:

"Our original decree is amended to conform to the plaintiff's petition so as to read as follows:

"'The judgment of the lower Court being construed as annulling the judgment of confirmation in so far only as the interests of the City of New Orleans are concerned is affirmed.'

"In other respects the rehearing is refused." 10 Orl. App. page 92.

It is certain, therefore, that the Court of Appeal did not attempt, in its decree annulling the judgment which the Quaker Realty Company had obtained against the city of New Orleans, to go beyond its province and declare that the city of New Orleans owned the lots. The Court of Appeal had no authority to render such a decree in the action to annul the original judgment; and, in fact, the Court of Appeal did not render any such decree in the action of nullity.

It is true that the Court of Appeal, in its reasons for judgment, in the action of nullity, expressed the opinion that these lots were a part of the McDonogh tract which was bequeathed to the city of New Orleans and the

city of Baltimore; but the reasons for a judicial decree are not a part of the decree itself and are therefore not a proper basis for a plea of res judicata.

"The reasons given by the court for its judgment in a particular case form no part of the judgment, and hence cannot be invoked as res adjudicata in a subsequent suit between the same parties." John Chaffe & Bro. v. Morgan, 30 La. Ann. 1307.

"Where, on application for rehearing, a certain theory of the evidence is advanced on which a modification of the former decree is asked, if the modification asked is denied, expressions contained in the opinion refusing the rehearing, accepting or even approving the theory advanced, cannot be invoked as res judicata in a subsequent suit in which the same facts come in controversy." Penouilh v. Abraham, 43 La. Ann. 214, 9 So. 36. See also Kuhn v. Bercher, 114 La. 606, 38 So. 468, 471, and Morgan's La. & T. R. R. & S. S. Co. v. John T. Moore Planting Co., 130 La. 96, 57 So. 635.

"But in no court with whose jurisprudence we are conversant, do the reasons for judgment form an integral part of the judgment itself. The opinion of the court is but an exposition of the motives upon which its decree is based." West Feliciana Railroad Co. v. Thornton, 12 La. Ann. 736, 68 Am. Dec. 778.

"The reasons given by the court for judgment form no part of the judgment itself, and the judge of the lower court is not bound by any expressions used by the Supreme Court outside of the decree. Therefore, the decree of the Supreme Court which remands the cause to be proceeded with according to law cannot be taken by the judge a quo as finally deciding the questions at issue between the parties." Davidson v. Carroll, Hoy & Co., 23 La. Ann. 108.

Of course, if the opinion which the Court of Appeal expressed in the action of nullity, with regard to the ownership of these lots, had been expressed as the decree of the court, the expression would have deprived the Quaker Realty Company of its title to these lots, even though it would have been wrong, and would have been out of place in the degree annulling the original judgment. But the Court of Appeal made no such mistake. The mistake is being made now, in the prevailing opinion and decree in the present case, in overlooking the sound and settled doctrine that the reasons for a judicial decree do not form part of the decree itself, and cannot be the basis for a plea of res judicata.

## On Rehearing.

OVERTON, J. The facts and issues involved in this case are correctly stated in the original opinion handed down herein. A further consideration of the case leads us to the conclusion that the case, which is not entirely free from difficulty, was erroneously decided, due to error in ascertaining and applying the law to the facts found on the first hearing.

The correct decision of the case depends upon the effect to be given to the second decree of the Court of Appeal for the Parish of Orleans in the suit to annul the judgment confirming the tax title, held by the Quaker Realty Company. That suit was a simple one to annul the judgment confirming the tax title. One of the grounds alleged for annulling the judgment was that an interest in the property, adjudicated at tax sale, was held by the city of New Orleans, the plaintiff in the suit to annul, under the will of John McDonogh, in trust for public school purposes, and hence was not subject to taxation, and upon other grounds, unnecessary to notice here, one of which, however, was

that the Quaker Realty Company had improperly obtained the judgment of confirmation by default after the city of New Orleans had filed an answer. The Quaker Realty Company, in its answer, among other things, denied that the city of New Orleans had any interest in the property, adjudicated at tax sale, at the time of the assessment and sale.

The judgment of the district court, in the foregoing suit, on the merits, was a judgment annulling and setting aside the judgment confirming the tax sale. It went no further. This judgment was strictly responsive to the prayer of plaintiff's petition, which was as follows: "Wherefore, petitioner prays that the Quaker Realty Co., L'td., through its president or other proper officer, be cited to appear and answer this petition; and that in due course there be judgment in favor of your petitioner and against the said Quaker Realty Co., L'td., annulling the judgment rendered on December 13, 1907, in favor of the Quaker Realty Co., L'td., and against the City of New Orleans, and signed December 19, 1907, in the suit entitled In Re Quaker Realty Co., L'td., praying for confirmation of title, No. 83,844 of the docket of the Civil District Court for the Parish of Orleans, Division 'D,' and for all costs and for general relief." The Court of Appeal affirmed the judgment of the district court in the following words: "For these reasons we think the judgment of the lower court is correct and it is affirmed in so far as the interest of the City of New Orleans is concerned." On an application for a rehearing the following modification of the original decree of the Court of Appeal was made: "Our original decree is amended to conform to the plaintiff's petition so as to read as follows: 'The judgment of the lower Court being construed as annulling the judgment of confirmation in so far only as the interests of the City of New Orleans are concerned is affirmed.' In other respects the rehearing is refused." 10 Orl. App. 92.

From the foregoing it appears that the only decree the city of New Orleans ever prayed for or obtained, in the nullity suit, was a judgment annulling the judgment of confirmation. The city neither prayed for nor obtained a decree recognizing it as the owner of any interest in the property adjudicated at tax sale. The sole effect of the decree rendered was to annul the judgment of confirmation so far as concerns the interest of the city of New Orleans, and therefore, to place the suit for confirmation, to that extent, in the same situation as if no judgment had ever been rendered in it, or, in other words. to reopen that suit, to that extent, for trial.

Since the main defense in the present case is that the judgment in the foregoing case operates as res judicata in this case, which is a suit to cancel, as a cloud upon the title, claimed by the vendee of the Quaker Realty Company, Limited, a declaration of ownership by the city, recorded in the conveyance records, it is necessary to inquire whether that judgment does so operate.

The law governing res judicata in this state is established by article 2286 of the Civil Code, which reads as follows: "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; * * * the demand must be between the same parties, and formed by them against each other in the same quality." In this state the doctrine of res judicata is much more restricted than it is in common-law states. Woodcock v. Baldwin, 110 La. 275, 34 So. 440; State v. American Sugar Refining Co., 108 La. 603, 32 So. 965. Here, the object of the two suits is not the same. A

suit simply to annul a judgment confirming a tax title cannot be said to have for its object the adjudication of the ownership of property. Its sole object is to set aside the judgment of confirmation, thereby leaving the question of ownership open.

■ If the reasons for a decree formed part of the decree, we might then be in position to hold that the city of New Orleans obtained, in the suit for nullity, a decree recognizing the ownership claimed by it (although it must be conceded that the decree would have been ultra petitionem), for the Court of Appeal said, in passing on the suit for nullity, that: "It is admitted by plaintiff [Quaker Realty Company] that if the city is the owner of said square that they could not have been assessed under the law. Therefore, if we find that the City is the owner of said squares, the tax sale must be set aside, but if we come to the conclusion that she is not the owner of them, then she has no right to raise those questions [referring to the questions involving the nullity of the judgment]." And the court later expressed the view that the city owned an interest in the property, but the court did not enter a decree to that effect, and could not well have done so. However, the reasons that prompt the rendering of a decree do not form part of the decree, and it is the decree only that may be set up as res judicata. As was correctly said in West Feliciana Railroad Co. v. Thornton, 12 La. Ann. 736, 68 Am. Dec. 778: "In no court with whose jurisprudence we are conversant, do the reasons for judgment form an integral part of the judgment itself. The opinion of the court is but an exposition of the motives upon which its decree is based." To the same effect, and also as announcing the principle that the reasons for judgment cannot be invoked as res judicata, are the cases of John Chaffe & Bro. v. Morgan, 30 La. Ann. 1307; Penouilh v. Abraham, 43 La. Ann. 214, 9 So. 36; and Morgan's Louisiana & T. R. & S. S. Co. v. John T. Moore Planting Co., L'td., 130 La. 78, 96, 57 So. 635. Upon further consideration, we think that the plea of res judicata should be overruled.

■ We now come to the question whether plaintiff is entitled to the relief for which it prays. There is no difficulty in deciding this question. The land against which the city recorded its declaration of ownership, and which is involved here, formed no part of the John McDonogh grant. That grant extended no farther from the Mississippi river than the north property line of Broad street, in the city of New Orleans, and the property here is beyond that line. City of New Orleans v. Union Lumber Co., L'td., 145 La. 476, 82 So. 588; Carrere v. City of New Orleans, 162 La. 981, 111 So. 393. Therefore plaintiff has a right to have the inscription of the declaration canceled.

The trial court rendered judgment making the writ of mandamus peremptory, which issued herein, and which directed the register of conveyances to cancel the inscription of the declaration on the conveyance records.

For these reasons, our original decree, handed down herein, is set aside, and the judgment, appealed from, is affirmed. The right is reserved the city of New Orleans to apply for a rehearing.