PUCHEU v. NATIONAL SURETY CORPORATION.

Civ. 2580.

United States District Court
W. D. Louisiana, Lake Charles Division.

Oct. 24, 1949.

Kay & Kay DeRidder, Louisiana, for plaintiff.

Stafford & Pitts, Alexandria, Louisiana, for defendant.

PORTERIE, District Judge.

(1) As to Plea of Res Judicata. After a reading and consideration of the pleadings, the briefs of opposing counsel, and, in particular, the evidence in the case (the certified copy of the suit, No. 13767, Eleventh Judicial District Court of the State of Louisiana, Parish of Vernon: Ped C. Kay, Jr. v. T. L. James Co., Inc. and National Surety Corporation), we are of the opinion that the plea of res judicata urged is not good.

■ The reason is that the former suit and the instant suit are not between the same parties. Art. 2286, La.R.C.C. "The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." Miss Pucheu, the present plaintiff, was not a party in the state suit.

By way of illustration, suppose that the plaintiff, Miss Pucheu, had done what all plaintiffs normally do, and had sued everybody involved, including young Kay. Could Kay then be heard to plead res judicata as to this plaintiff? It is obvious that he could not, because Miss Pucheu was not a party to the suit in the state court. Identity of *Parties* as well as *subject matter* is essential to maintain res judicata. La.R.C.C. art. 2286.

■ Moreover, and pretermitting the above point, assuming that the two suits embody the legal consequences in tort that flow from the same accident, the parties not being the same, as aforesaid, causes two separate legal relations to be defined. The accountability of the driver of the car, Kay, is not the same as that of a guest in the car, Miss Pucheu. We do grant, however, that if the driver, Kay, be not neglectful, the guest is likewise not neglectful; however, the Civil Law on the application of the doctrine of the thing adjudged is stricter than the Common Law. This legal difference alone, though not serious, would prevent the plea from being valid at the Civil Law. See, State ex rel. Puritan Co., Ltd. v. City of New Orleans 169 La. 365, 125 So. 273, 276.

■ (2) As to Third-Party Practice. Now as to whether or not Ped C. Kay, Jr. and his insurer, the Bankers Indemnity Co., may be called under Federal Rules of Civil Procedure. Rule 14, 28 U.S.C.A., Third-Party Practice, we are of the affirmative opinion.

The pertinent part of the Rule provides: "* * * defendant may * * * serve a * * * complaint upon a person *not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."*

Upon the trial of this case, it is one of the permissible verdicts for the jury to find that Kay and T. L. James Co. are joint tortfeasors. Obviously, then, the above underscored language of the Rule is met. That is Ped C. Kay, Jr. is "* * * not a party to the action * * *" and, as just stated, he "* * * may be liable to him [National Surety Corporation] for

560

* * * part of the plaintiff's [Mary Lynn Pucheu's] claim against him [National Surety Corporation]." Then, it follows that if you have Kay in the suit, by the provisions of the direct-action statute, La. Act No. 55 of 1930, the Bankers Indemnity Co. is in the suit.

■ The Louisiana law *substantively* provides for contribution between (or among) joint tortfeasors. La.R.C.C. art. 2324; it provides *procedurally* that a judgment must first have been paid by one tortfeasor beyond his share before contribution can be had. La.R.C.C. arts. 2103, 2104.

In the instant case, the substantive part of the Louisiana law is applied; as a result, Kay and his insurer, the Bankers Indemnity Co., are brought into the case; once that is done, the procedural part of the Louisiana law is not applied; that is, that a judgment in solido must be reached before contribution may be enforced; the procedure of the Federal law, Rule 14, is applied; we are in the Federal Court.

See Dean v. Bituminous Casualty Corporation, 1947, D.C., 72 F.Supp. 801, affirmed in New Amsterdam Casualty Co. v. Soileau, 5 Cir., 167 F.2d 767.

■ In Jones v. Waterman S. S. Corporation, 3 Cir., 1946, 155 F.2d 992, 997, the language, quoted from Moore's Federal Practice, Vol. 1, Analysis of Rule 14, p. 740, is as follows: "The general purpose of Rule 14 is to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third-party defendant."

See Knell v. Feltman, D.C.Cir., 174 F.2d 662; 1st paragraph of Note, with footnote cases, Cumulative Supplement, Moore's Federal Practice, Volume 1, p. 359; also, Atlantic Coast Line R. Co. v. U. S. Fidelity & Guaranty Co., D.C. 52 F.Supp. 177; Gray v. Hartford Accident & Indemnity Co. (Robinson), D.C., 31 F.Supp. 299; Id. 32 F.Supp. 335; accordingly,

The Third-Party Complaint, filed by the National Surety Corporation, is allowed in full; the motion made that it be not allowed is, hereby and herewith, overruled and denied; let service of process proceed as prayed for therein on Ped C. Kay, Jr., and the Bankers Indemnity Co.