HARDY, Judge.
This is a suit in which plaintiff seeks to recover from defendant the amount of costs and expenses, including attorney’s fees, involved in defense of a suit for damages. The basis of plaintiff’s claim is that the defendant insurer was obligated under the terms of the policy of insurance to defend the original damage suit which it refused and failed to do. From a judgment of the ■District Court maintaining a plea of res adjudicata plaintiff brings this appeal.
In the damage suit, Sibley v. Petty Realty Company, Inc., La.App., 42 So.2d 701, the plaintiff, Sibley, for himself and his family, brought suit against defendant for damages resulting from its action in cutting off the gas supply of the house occupied by plaintiff and his family. The defendant, Petty Realty Company, called its insurer, Continental Casualty Company, in warranty, which call was answered by denial of coverage under the policy. The jury rendered a verdict in favor of plaintiff, awarding certain damages against the Realty Company, which verdict further rejected the Realty Company’s demands against its insurer. On appeal this Court reversed the judgment in favor of plaintiff, Sibley, rejected plaintiff’s demands, affirmed that part of the judgment in favor of the insurer, and denied an application for rehearing. The Supreme Court on December 9, 1949, denied application for writs of certiorari.
The issue before this Court is plainly and accurately stated in brief of learned counsel for plaintiff, Petty Realty Company :
“At the outset, we think it appropriate to state that plaintiff admits that the plea at issue must be measured by and decided according to Article 2286 of the Civil Code, which reads as follows:
“ ‘The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.’ ”
*447 “Plaintiff further admits that the thing demanded in this suit and by it in the former suit was the same; that the demand is founded on the same cause of action, and that the demand is between the same parties and formed in the same quality.
“Plaintiff does contend, however, that there was no definitive judgment rendered upon the dispute between the parties, and since no definitive judgment was rendered, there was no ‘thing adjudged’.”
The burden of the argument advanced in support of plaintiff’s position in this case was also succinctly set forth in counsel’s brief, as follows:
“The judgment of the Court of Appeal in Sibley v. Petty Realty Company, La.App., 42 So.2d 701, 703, specifically held that the present dispute between plaintiff and defendant was, in that case, moot. Consequently, the Court of Appeal did not decide the issues now before this Court. * *
******
“Whether the Court of Appeal was in error in stating that the question was moot and in not deciding the issue, is beside the point. The important fact is that the Court did not decide this issue.
“It is clearly the law that issues not decided cannot form the basis of a plea of res adjudicata.”
The following extracts from the opinion of Judge Taliaferro as the organ of this Court in Sibley v. Petty Realty Company, supra, are pertinent to an understanding of the issue here presented:
“Prior to answering, the Petty Realty Company, Inc., formally called its insurer, the Continental Casualty Company, in warranty, under allegations appropriate to its position that there was coverage under the terms of a policy contract issued to it.
“Answering the call, the insurer denies that the policy contract was intended to, nor did it, embrace liability flowing from the facts alleged upon, in that the policy provided protection against loss “imposed upon defendant by' law for damages caused by accident”, and that the facts of this case show that the damages sought to be recovered herein did not arise from an accident.
“Answering, the defendants articulately deny all of the allegations of the petition. They reaffirm the allegations of the call in warranty and pray that should judgment be rendered against them, or either of them, that like judgment be rendered against said warrantor, plus the additional sum of $750 as counsel fees.
“The case, on plaintiffs’ motion, was tried with a jury'. Verdicts were returned against Petty Realty Company, Inc., and Mangham, as follows, viz.:
“In favor of Mrs. Sibley, $500 and in favor of each of the five youngest children, $150. The demands .of Mr. Sibley and the twenty-year old son were rejected. The jury found for the insurer on its defense of lack of coverage, and the demand against it was rejected.”
The concluding paragraph of the opinion immediately preceding the decree of this Court reads as follows:
“It follows from the above stated conclusions that the question raised by and between the defendants and their warrantor (insurer) is now moot.”
The above noted paragraph was followed immediately by the decree' of this Court, reading as follows:
“For the reasons above and herein assigned, the verdicts of the jury and judgment based thereon, insofar as they reject the demand contained in the call in warranty, are affirmed.
“And, for said reasons, the judgment from which appealed, insofar as it condemns the defendants in favor of the plaintiffs, named therein, is hereby annulled, reversed and set aside with costs.”
It is here contended in behalf of this plaintiff that no definitive judgment was rendered with respect to the dispute between-these parties, the insured and its insurer, and as a .consequence there was no “thing adjudged”.
In view of the fact that our decree in Sibley v. Petty Realty Co., supra, specifically affirmed the verdict of the jury and the judgment based thereon rejecting the demands of this plaintiff contained in its call in warranty against this defendant, we *448 are unable to subscribe to plaintiff’s' contention that no definitive judgment was rendered.
We think it unnecessary to resort to a discussion as to the correctness vel non of the expression in the opinion of this Court that the question between the Realty Company and its insurer had become moot, since this expression was contained in and formed a part of the reasons for the Court’s opinion. We think it is well established in this State that the reasons expressed by a court are entirely separate and distinct from and form no part of the decree which is a definitive judgment. This principle is correctly enunciated 'in Board of Commissioners for Buras Levee Dist. et al. v. Cockrell, 91 F.2d 412, 416 (U. S. Circuit Court of Appeals, Fifth Circuit) as follows:
“ * * * we assert with confidence that in Louisiana as elsewhere it is , the judgment or decree and not the reasoning which led to it that estops. In State ex rel. Puritan Co. v. City of New Orleans, 169 La. 365, 374, 125 So. 273, 277, we read: ‘The reasons that prompt the rendering of a decree do not form part of the decree, and' it is the decree only that may be' set up as res judicata. * * * ‘In no court with whose jurisdiction we are conversant, do the reasons for. judgment, form an integral part of the judgment itself. The opinion of the court is but an exposition of the motives upon which its decree is based.” To the same effect, and also as announcing the principle that the reasons for judgment cannot be invoked as res judicata, are the cases of John Chaffe & Brother v. Morgan, 30 La.Ann. 1307; Penouilh v. Abraham, 43 La.Ann. 214, 9 So. 36, and Morgan’s Louisiana, & T. R. & S. S. Co. v. John T. Moore Planting Co., 130 La. 78, 96, 57 So. 635.’”
Counsel for plaintiff strenuously emphasizes the point that this Court did not dispose of the issue between this plaintiff and defendant in the original suit. This claim is predicated upon the further argument that a point declared to be moot is not considered to have been determined. In other words, such a point must be viewed as if it had never existed. It is conceivable that there might be some validity to these contentions if the decrees were silent with respect to any 'disposition of the particular point, but when the decree itself disposed of the claims between this plaintiff and this defendant, certainly it cannot now be urged that no determination was made.
In consequence of what we consider to be a firmly established principle of law, we can only conclude that the plea of res adjudicata interposed in this case was properly maintained and plaintiff’s suit dismissed.
Lest it be considered that our ruling in this matter works an injustice to the extent that it deprives plaintiff of any legal right or remedy, we point oüt that the proper procedure, if plaintiff felt aggrieved by the judgment of this Court in the original suit, was by way of application for rehearing with respect to that part of the decree with the effect of which it was dissatisfied; No such application was made by this plaintiff and the only application for rehearing was made by the Sibleys, which application,, -as above noted, was refused.
It is by a decree that a litigant is aggrieved and if he complains of the effect of the decree because of erroneous reasons in the opinion, he should predicate his application for relief upon this fact unless he, in effect, acquiesces in the decree itself.
As a practical proposition the maintenance of the contention here urged would have the effect of sanctioning interminable litigation. Judgments and decrees of courts not infrequently contain numerous subdivisions determining several dispositions of questions involved as between all parties to the litigation. If a litigant is accorded 'the right to pursue his procedural rights to relief to the ultimate and with respect to' one or more specific provisions of a decree or judgment and then reassert his claims with respect to other elements or provisions -of such decrees .or judgments in a new and separate proceeding, the result would be to prolong the final resolution of. litigated matters beyond any reasonable period of time. We do not think either our laws or jurisprudence so intend.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.