GUIDRY, Judge.
The above numbered and entitled matter is consolidated with a companion suit entitled Roy Hryhorchuk versus Calcasieu Parish Police Jury, et a1, 390 So.2d 497. We this day render a separate decree in the matter last referred to.
These consolidated matters are on appeal to this court following further trial in the district court on remand from the Louisiana Supreme Court. We here refer to our original opinion in these consolidated cases, which is reported at 379 So.2d 281 (La.App. 3rd Cir. 1979) and to the Supreme Court opinion, following grant of writ applications, which is reported at 390 So.2d 497 (La.1980) for a complete history of this litigation, including an analysis of the facts and the Supreme Court’s conclusions on the issues presented on appeal. The Supreme Court judgment, reported as aforestated, decreed as follows:

“For the foregoing reasons, the judgment of the Court of Appeal is affirmed in favor of the Calcasieu Parish Police Jury and the Calcasieu Parish Sheriff’s Department and their insurers. The judgment of the Court of Appeal is reversed insofar as it affirmed the directed verdicts in favor of the State of Louisiana, Through the Department of Public Safety, and the State of Louisiana, Through the Department of Transportation and Development. The judgment of the Court of Appeal reducing the quantum of damages is vacated and set aside. The judgment of the trial court in favor of plaintiff against Smith and Clifton and their insurers is affirmed but it is ordered that there be further trial on the issue of the liability of the State of Louisiana. The question of the liability of State Farm in its capacity as Hryhorchuk’s uninsured motorist carrier remains open pending further disposition in the trial court.” (footnote omitted)

Pursuant to the Supreme Court’s decree a further trial was held in the district court resulting in a judgment in favor of Roy Hryhorchuk and against the defendants, Roy M. Smith, William Clifton, State Farm Mutual Automobile Insurance Company, Pennsylvania General Insurance Company and the State of Louisiana, insólido in the sum of $627,389.24 together with legal interest from date of demand until paid and for all costs. The judgment rendered by the trial court as aforesaid limited the liability of the insurers to the limits of their respective policies and granted State Farm Mutual Automobile Insurance Company a right of reimbursement from Roy Hryhor-chuk for any amount which he might recover from any of the other defendants and recognized the intervention of Lawanda Hryhorchuk to the extent of $34,360.10. The trial court judgment further ordered a dismissal of plaintiff’s demands against the Department of Public Safety and its insurer, Travelers Insurance Company, and the Department of Transportation and Development. The State of Louisiana has appealed from this latter judgment. The other defendants have not appealed nor did plaintiff answer the appeal of the State of Louisiana, however, plaintiff-appellee has filed a motion seeking dismissal of the appeal of the defendant-appellant, State of Louisiana. We will first consider this motion.
MOTION TO DISMISS
The plaintiff-appellee, Roy Hryhorchuk, moves to dismiss the appeal of the defendant-appellant, State of Louisiana. The motion is based on the contention that the issue on appeal, the state’s liability to Hry-horchuk for damages allegedly caused in part by negligence of a parish ward constable, was previously adjudicated and determined by a non-appealable final judgment.
The case is before this court on a devolu-tive appeal from a district court judgment following a remand by our Supreme Court. At the first'trial the district court sustained motions under LSA-C.C.P. art. 1810(B), for dismissal of the plaintiff’s case against the State of Louisiana, through the Department of Public Safety and Department of Transportation, and also other defendants. The trial proceeded with respect to the remain *199 ing defendants who were found to be liable to the plaintiff and were so east in a judgment for damages. One of these was Constable Roy Smith.
On appeal, this court in Hryhorchuk v. Smith, 379 So.2d 281 (La.App. 3rd Cir. 1979), reduced the damages awarded, but affirmed the liability holdings. The Supreme Court granted writs and reversed the C.C.P. 1810(B) motion of the State and also the reduction of the award. Its decree remanded the case to the district court for further trial on the issue of the liability of the State. 390 So.2d 497 (La.1980).
On remand the district court rendered judgment in favor of the plaintiff Hryhor-chuk against the State and the latter has appealed.
Plaintiff-appellee has filed this motion to dismiss, contending that the decision of the Supreme Court was a final judgment as to the liability of the State for the acts of Constable Roy Smith. His argument is based upon the following language in that court’s decision in Hryhorchuk:
“ When a constable is acting in his capacity as a public officer, the State of Louisiana is liable for a tort resulting from his negligent performance of an official duty. Constable Smith was at the scene of this accident in discharge of the duties of his office. Therefore, the State of Louisiana is liable for the negligence of Smith in the course of his employment. Foster v. Hampton, 381 So.2d 789 (La.1980)."
This statement by the Supreme Court is, of course, correct, but it is not the complete holding of the court. It was made in the context of deciding whether or not the State is legally responsible for negligent conduct of a constable, in order to rule on the State’s motion for a directed verdict at the close of the plaintiff’s evidence. The language certainly does not mean that the Supreme Court was rendering a final judgment on the merits of the issue of the State’s liability to the plaintiff, because no evidence had been presented by the State regarding Constable Smith’s negligence vel non and that issue had not been fully adjudicated between the plaintiff and the State.
Furthermore, reasons expressed by a court in its opinion are separate and distinct from and form no part of the decree, which is the definitive judgment. Petty Realty Co. v. Continental Cas. Co., 47 So.2d 446 (La.App. 2nd Cir. 1950). Therefore, only the decree itself constitutes the appellate judgment. The Supreme Court expressly said in its decree:

“The judgment of the trial court in favor of plaintiff against Smith and Clifton and their insurers is affirmed but it is ordered that there be further trial on the issue of the liability of the State of Louisiana.” (Emphasis added.)

It is clear to us that the judgment did not decide the issue of the State’s liability, but merely remanded the case to complete the trial of plaintiff’s alleged cause of action against the State of Louisiana.
For the above and foregoing reasons, the motion to dismiss is denied.
MERITS
Appellant principally contends on appeal that the evidence presented at the trial of this matter following remand, produced a set of facts significantly different from those presented at the previous trial. Appellant argues that this new evidence reflects error in the previous conclusions reached by the several courts as to the negligence of Smith; the lack of negligence on the part of Hryhorchuk; and this court’s conclusion that at the time of the accident Smith was neither the employee or agent of the Department of Public Safety and the Department of Transportation and Development.[1] In this same vein, the State of Louisiana argues that the learned trial judge did not give proper weight to this new evidence but merely accepted the facts as found by the several courts following the initial trial.
We find no merit in appellant’s contention. The trial judge, in his written reasons for judgment, makes clear that he felt con *200 strained to make a further finding on the issues of fact initially found in order that a judgment might be properly rendered insofar as the State of Louisiana, the Department of Public Safety and its insurer, and the Department of Transportation and Development are concerned. The trial court then made clear that the evidence adduced at the second trial was not such as to warrant any change in the determined facts surrounding the accident or in the conclusions of law' based upon such facts. Our careful review of the evidence adduced at the second trial prompts the same conclusion.
In sum, for the reasons previously assigned by us and reported at 379 So.2d 281 and in conformity with the decision of the Louisiana Supreme Court reported at 390 So.2d 497, we conclude that on the occasion in question Smith was not acting as an agent or employee of the Department of Public Safety or the Department of Transportation and Development; that he was acting in his capacity as a public officer of the State of Louisiana; that his actions on the occasion in question were negligent and caused Hryhorchuk’s injuries; and, that Hryhorchuk was not guilty of any contributory negligence. Accordingly, the trial court judgment appealed from is affirmed at appellant’s cost.
AFFIRMED.

. It is observed that the Supreme Court in its decision reported at 390 So.2d 497 pretermitted consideration of whether Smith was acting as agent of the two departments and reversed the judgment of this court insofar as it affirmed the directed verdicts in favor of those departments.