THOMPSON, J.
 

 This suit involves the right of possession of square No. 492 situated in this
 
 city,
 
 and bounded by Broad, White, Erato, and Clio streets.
 

 Judgment on that issue went against the city, and, though the city is appellant, the suggestion is made in the brief of present counsel for the city that- this court is without jurisdiction to consider and determine the issue involved.
 

 The claim of lack of jurisdiction- is based on the fact that there is no affirmative allegation in the petition showing an amount involved exceeding $2,000.
 

 The only allegation in this respect is that the value of the possession of said square of ground is more than $100.
 

 The plaintiff and appellee has filed in this court several affidavits in which it is asserted that the value of the possession of the square in question during the year 1923 (this suit was filed March 12th, 1923) was more than $2,000 per year, and. that the present value of the possession is more than $4,000.
 

 Constitution (1921) in section 10, art. 7, confers on this court original jurisjurisfor the purpose of determining quesquesof fact affecting its own appellate jujuin any ease pending before it, and to that end the court may make such orders and decrees as it may deem proper in the premises.
 

 In view of this provision of the organic-law, we consider affidavits as to the value of property and as to the amount in dispute-for the purpose of determining our appellate jurisdiction in cases where such jurisdiction does not otherwise appear affirmatively from the pleadings or evidence in the record.
 

 The case relied on by appellant (In re Quaker Realty Co., 131 La. 84, 59 So. 23) is not applicable here. In that ease the property was alleged in the petition to be worth $1,000, and both parties acquiesced in an appeal to the Court of Appeal.
 

 The property became more valuable after the institution of the suit, and by affidavits it was sought to show such increased valuation in order to vest this court with appellate jurisdiction.
 

 We held that the test of jurisdiction is the value of the property at the date of the institution of the suit, since “neither the right of appeal nor the jurisdiction of the court to which the appeal is taken fluctuates with the market value of the property.”
 

 In the instant case, no maximum value of the right of possession was alleged in the petition, -and no value whatever was shown by the evidence, but the affidavits filed in this court show a valuation exceeding $2,000 at the time the suit was filed. We must therefore decline to dismiss or transfer the appeal.
 

 Were we
 
 to
 
 dismiss the appeal, it would have the effect of affirming the judgment, which obviously appellant does not desire.
 

 On the merits the case is clearly with the plaintiff.
 

 it appears that the city of New Orleans, in conjunction with the city of Baltimore in April, 1909, brought suit to be recognized as the owners of the square of ground in question, and applied for a writ of injunction restraining the defendants in that suit
 
 *377
 
 ■from interfering with the possession claimed by the two cities.
 

 On a trial of the rule nisi, the injunction was refused; the court finding as a matter ■of fact that the defendants in that suit were in possession of the property, and had been for the preceding five years.
 

 On March 29, 1910, the present plaintiff and the city of New Orleans, through its legal representative, entered into an agreement by which the city should hold possession of the property free of rent through the city parking commission for public nursery prarposes.
 

 The possession so obtained and so recognized by the city continued down to a short time before the institution of the present suit.
 

 In his reasons for judgment the judge of the court below states that the city of New Orleans was not in technical possession of the property at the time, and 'that the written agreement would be meaningless, unless it be considered as a quasi lease, permitting the city by its parking commission to take possession of the property for nursery purposes.
 

 In this view we concur.
 

 Having obtained and holding the possession in the manner and under the circumstances stated, we are of the opinion that the city is not in a position to dispute the right of the plaintiff to the possession of the property.
 

 There was no time limit fixed in the agreement referred to for the use of the property by the city for the purposes stated, but it appears that the use of the property for nursery purposes had ceased, and had been abandoned by the city or the parking commission about a year before the institution of this suit.
 

 We see no error in the judgment appealed from, and the said judgment is affirmed.