**DUCRE v. MILNER.**
No. 765.

Court of Appeal of Louisiana.　First Circuit.
May 3, 1932.

For former opinion, see 140 So. 158.

Hiddleston Kenner, of Lacombe, for appellant.

P. M. Milner, of New Orleans, for appellee.

MOUTON, J.

In our original opinion herein 140 So. 158, the issues decided below were passed upon by this court.

Defendant and appellee filed a motion here to dismiss the appeal for want of jurisdiction ratione materiæ because of the absence in plaintiff's petition of jurisdictional averments of proof of the value of the land to which plaintiff asserted his ownership. As neither plaintiff nor defendant referred in their briefs to that motion and confined their contentions to the questions decided below, we inadvertently failed to pass on the motion and proceeded to dispose of the case.

Counsel for appellee now calls our attention to it, and which must therefore be disposed of, as it involves our jurisdiction over the subject-matter in contest.

In the petition of the plaintiff there is no allegation of the value of the property, and in the record there is no proof of that fact. No doubt, counsel for plaintiff realized the importance or necessity of such allegation or proof, as we find appended to the record an affidavit by him that the property he was seeking to recover for his client was worth less than $2,000, evidently filed in order that the appeal might be lodged in this court. This affidavit was filed in the lower court and over a month after the judgment had been rendered therein, and on the day the bond of appeal was furnished.

Under section 29 of article 7, Constitution of 1921, this court has appellate jurisdiction in all civil cases of which "the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved * * * and of which the Supreme Court is not given jurisdiction," etc.

Justices of the peace have no jurisdiction "when the title to real estate is involved." Same article, § 48, par. 2, p. 52.

The district court had therefore exclusive original jurisdiction of the realty in dispute.

From the nature of the demand, the presumption would be that this court had appellate jurisdiction over a case such as this, where the district court had exclusive original jurisdiction. All of that is true, but it must be noted that the jurisdiction of appellate courts is not established by such presumptions but must be fixed by jurisdictional averments or proof.

To arrive at a correct application of the foregoing reasoning, in connection with the provision in section 29 of the Constitution above cited, where, after saying that our jurisdiction extends to all civil cases where the district courts have exclusive original jurisdiction, we must consider these words which follow: "And of which the Supreme Court is not given jurisdiction."

This portion of section 29 must be construed in connection with section 10, article 7, of the Constitution, which fixes the jurisdiction of the Supreme Court, and where, in referring to that court, it says: "It shall have appellate jurisdiction in civil suits where the amount in dispute * * * shall exceed two thousand dollars * * * except," etc.

Though, as we have stated, apparently, from the character of the demand we had jurisdiction, the burden was upon plaintiff to make it clear, by allegation or proof, that the value of the property is under $2,000, so that it might have appeared that the case was one, using the language of the Constitution in section 29, viz.: "And of which the Supreme Court is not given jurisdiction." We say this because the duty rested on plaintiff, appellant, to lodge his appeal in the Court having jurisdiction of his appeal. This view is grounded on the general rules of law and on the decision in the case, City of New Orleans v. Frederick Apken, 36 La. Ann. 419, where the court said that the fact of jurisdiction "must be made affirmatively to appear."

Obviously, counsel for plaintiff concluded that it was incumbent upon him to fix the jurisdictional amount, else his affidavit to show that the value of the property was under $2,000 would not have been filed.

Counsel for plaintiff refers us to the case of Quaker Realty Co. v. City of New Orleans, 163 La. 374, 111 So. 791, where the court said, jurisdiction not appearing affirmatively in the pleadings or evidence in the record, affidavits as to the value of the property

would be considered in determining its appellate jurisdiction.

The affidavit was considered in that case by virtue of Constitution 1921, art. 7, § 10, which the court said conferred upon it original jurisdiction for the purpose of determining questions of fact affecting its appellate jurisdiction. No such power is conferred, in this court by the Constitution of 1921, or by any other authority of which we are aware.

Besides, no affidavit was filed in this court by plaintiff to show the value of the property.

If it appeared from the pleadings or record that the land in dispute exceeded $2,000 in value, this court, under Act No. 19, 1912, would transfer the case to the Supreme Court.

As neither the jurisdiction of this court nor that of the Supreme Court appears, the only alternative left to us is to dismiss this appeal.

The judgment originally rendered by us is null for lack of jurisdiction ratione materiæ in this court, but, to avoid any misconception in reference thereto, we hereby decree its nullity, and that it be set aside; and it is further ordered and decreed that the appeal taken herein be dismissed at the cost of plaintiff and appellant.

For former opinion, see 134 So. 782.