## DUCRE v. MILNER. *

### No. 765.

Court of Appeal of Louisiana. First Circuit.

June 8, 1932.

For former opinion, see 141 So. 617, which dismissed the appeal in 140 So. 158.

Hiddleston Kenner, of Lacombe, for appellant.

P. M. Milner, of New Orleans, for appellee.

MOUTON, J.

This case was, on account of unavoidable delays, originally decided a long time after its submission.

A motion had been filed by defendant to dismiss the appeal for want of jurisdiction in this court ratione materiæ, which, as was said by this court, had been inadvertently overlooked, as counsel for plaintiff and defendant had submitted the case without making any reference whatsoever to the issue of jurisdiction.

In our opinion dismissing the appeal, we said there was no allegation by plaintiff of the value of the property claimed by her, and no proof of its value, and for the reasons given in the second opinion of the court herein, the appeal was dismissed.

In the application filed by plaintiff for a rehearing, counsel says, the appellate courts have the inherent power for a proper exercise of their jurisdiction, to accept affidavits of value in proof of the amount in contest between the litigants in aid of their jurisdiction.

He cites the case of Knight v. Smith, 3 Mart. (O. S.) 158, in support of that contention. In that case the affidavit was filed in the Supreme Court to supply the deficiency of the proof of value which appeared in the record.

In this case an affidavit is appended to the record made in the name of counsel for plaintiff, stating that the undivided interest of plaintiff in the tract of land in possession of defendant is worth less than $2,000.

This affidavit was filed with the clerk of the district court about a month after the judgment below had been rendered, and at the time the bond was furnished, and with which it appears to be a companion document. This affidavit was not filed in this court, and to which fact we referred in our opinion dismissing the appeal.

In the case of Quaker Realty Co. v. City of New Orleans, 163 La. 374, 111 So. 791, the court said, Constitution 1921, article 7, § 10, conferred original jurisdiction on the Supreme Court for the purpose of determining questions of fact affecting its appellate jurisdiction, and it would therefore consider affidavits as to value of the property in dispute to determine its appellate jurisdiction, "where such jurisdiction does not otherwise appear affirmatively from the pleadings or evidence in the record."

Here no jurisdiction in this court appeared affirmatively either in the pleadings or evidence. We said no original jurisdiction was conferred on the Courts of Appeal to consider affidavits as to the value of property in aid of their appellate jurisdiction.

 Conceding for the sake of argument that this court has the inherent power of receiving

---

*Writ of certiorari granted by Supreme Court July 20, 1932.

evidence here in aid of its appellate jurisdiction, the party applying for the exercise of such jurisdiction should file in this court affidavits showing the value of the property in dispute.

In the case of Quaker Realty Company, above cited, several affidavits were filed in the Supreme Court on this question of value.

In the case of Knight v. Smith, 3 Mart. (O. S.) 158, cited by counsel for plaintiff on which he relies in support of his contention that the courts possess the inherent power of considering such evidence in aid of their jurisdiction, the appellant filed an affidavit in the Supreme Court to supply the deficiency of proof in the record.

Counsel for plaintiff in this case should have filed an affidavit in this court to obtain the relief he is seeking, conceding that we had the right to entertain such an affidavit in aid of our appellate jurisdiction.

The filing of an affidavit by counsel with the clerk below with the appeal bond was not a filing thereof in this court. It is true that, in our opinion dismissing the appeal, we referred to this affidavit, but that reference was made merely to show that counsel himself had realized the necessity of asserting the value of the property, but was not intended to say that this court could consider it in passing on the case, as we said distinctly that no affidavit had been filed in this court.

Even if this court has the power to consider such affidavits as being necessary to the exercise of its functions, as contended for by counsel for plaintiff, it will not undertake to do so unless they are filed in this court, and will not give consideration to such affidavits merely appended to the record and filed with the appeal bond which was done in this case.

For the foregoing reasons, and those given in our opinion dismissing the appeal, the rehearing is refused.