144 So. 610

**DUCRE v. MILNER.**

**No. 31957.**

Oct. 31, 1932.

Rehearing Denied Nov. 28, 1932.

Hiddleston Kenner, of Lacombe, and M. R. Woulfe, of New Orleans, for applicant.

P. M. Milner, of New Orleans, in pro. per.

LAND, J.

Petitioner filed a petitory action in the district court for the parish of St. Tammany against defendant, for the purpose of having recognized her title to an undivided twenty-eighth interest in a tract of land in the possession of the defendant.

Defendant excepted to the capacity of plaintiff as an alleged legitimate child of Toussaint Ducre to bring this suit; pleaded that plaintiff was without a right or cause of action; and that there is misjoinder of plaintiffs and nonjoinder of defendants herein.

In the district court a judgment was entered in favor of defendant, sustaining all of the exceptions and dismissing plaintiff's suit.

On appeal by plaintiff, the Court of Appeal, First Circuit, rendered a decision in the matter reversing the judgment of the lower court, and remanding the case to be tried on the merits. 140 So. 158.

Defendant and appellee applied for a rehearing on the ground that the Court of Appeal was without jurisdiction ratione materiæ, and should have dismissed the appeal, The Court of Appeal held that it was without jurisdiction, annulled its decision, overruling the exceptions filed by defendant and appellee and remanding the case for trial on its merits, and dismissed the appeal. 141 So. 617, 618.

Plaintiff did not allege in her petition that the undivided twenty-eighth interest, claimed by her in the tract of land described therein, had a value in any specific amount; but when plaintiff asked for and obtained the order of appeal to the Court of Appeal, in accordance with the established rule of practice, she filed an áffidavit to the effect that the undivided twenty-eighth interest, claimed by her and described in her petition, had a value less than $2,000 and more than $100.

The record will show that the judgment appealed from was rendered on October 31, 1930, and filed on November 1, 1930, and that the appeal bond, with the affidavit, was filed with the clerk of the district court on November 10, 1930, and not "over a month after the judgment had been rendered therein," as stated in the opinion of the Court of Appeal.

In passing upon the question of jurisdiction ratione materiæ, the Court of Appeal ignored this affidavit and dismissed the appeal, because it found as a fact that "in the petition of the plaintiff there is no allegation of the value of the property, and in the record there is no proof of that fact"; because it also found that the affidavit was not filed in the Court of Appeal, but in the district court; and because it finally found that the decisions of the Supreme Court, to the effect that an affidavit was admissible to establish the value of the amount in dispute, applied only to practice and proceedings in the Supreme Court, and that there was no rule of practice or provision of the Constitution, authorizing Courts of Appeal to accept such affidavits fixing the value of the subject-matter of the suit, in order to decide a question of jurisdiction, ratione materiæ.

In Heirs of Gee v. Thompson, 39 La. Ann. 311, 1 So. 537, 538, the Supreme Court referred to the ex parte affidavit and its admission to prove the value of the matter in dispute as a "rule of practice" regulating appeals to and proceedings in that court, saying: "It is a

well-settled rule of practice that, when the matter in dispute does not appear from the pleadings or evidence to exceed $2,000, proof of some kind, even an affidavit may be offered, either before or after appeal, to show the fact."

In State ex rel. Cain v. Judge, 20 La. Ann. 575, it is said: "And we cannot agree with the respondent, that this showing can be made only in this court, and not in the court below. In the case of the State v. Hackett, 5 La. Ann. page 92, the affidavit that 'the matter in controversy amounts to one thousand dollars,' was annexed to the petition of appeal, in the court below, and it was held that this court had jurisdiction."

In Quaker Realty Co. v. City of New Orleans, 163 La. 374, 375, 111 So. 791, the court said:

"The Constitution (1921) in section 10, art. 7, confers on this court original jurisdiction for the purpose of determining questions of fact affecting its own appellate jurisdiction in any case pending before it, and to that end the court may make such orders and decrees as it may deem proper in the premises.

"In view of this provision of the organic law, we consider affidavits as to the value of property and as to the amount in dispute for the purpose of determining our appellate jurisdiction in cases where such jurisdiction does not otherwise appear affirmatively from the pleadings or evidence in the record."

It is provided in the Constitution of 1921, art. 7, § 27, par. 2, that: "The rules of practice regulating appeals to and proceedings in the Supreme Court shall apply to appeals and proceedings in the Courts of Appeal, so far as they may be applicable, until otherwise provided."

It is also provided in article 877 of the Code of Practice that: "The Supreme, as well as other courts, possesses the powers which are necessary for the exercise of the jurisdiction given to it by law, in all the cases not expressly provided for by the present Code."

The right vested in the Supreme Court to exercise jurisdiction to ascertain questions of fact affecting its own jurisdiction is certainly "the rules of practice regulating appeals to and proceedings in the Supreme Court." Therefore, by virtue of paragraph 2 of section 27 of article 7 of the present Constitution, the same right to exercise original jurisdiction to determine questions of fact, affecting its appellate jurisdiction is lodged in the Court of Appeal.

It is provided in section 29 of article 7 of the Constitution of 1921 that: "The Courts of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this Constitution, and all appeals shall be both upon the law and the facts."

It is also provided in section 35 of article 7 of the present Constitution that: "The District Courts, except in the parish of Orleans, shall have original jurisdiction in all civil

matters regardless of the amount in dispute, or the fund to be distributed, concurrently, however, with justices of the peace in matters where the amount in dispute, or fund to be distributed, is less than one hundred dollars, exclusive of interest; and in all cases where the title to real estate, or the right to office, or other public position, or civil or political rights are involved, and in all cases where no specific amount is in contest, except as may be otherwise provided in this Constitution."

As the value of the property in dispute is over $100, and as the title to real estate is involved, the district court had exclusive jurisdiction and, necessarily, under section 29 of article 7 of the present Constitution, the Court of Appeal, First Circuit, has appellate jurisdiction of the case.

Defendant has moved to dismiss the application of plaintiff for a writ of review for the following reasons stated in his brief: "Despite the fact that this Certiorari was granted and the applicant required under the notice served to file brief within twenty days, she did not do so. On the submission of the case on brief, October 3rd, we were served with a typewritten brief by applicant which she filed with the Court, saying that the applicant would not file any further brief (which character of typewritten brief is not in conformity to the practice of this Court)."

The order granting the writ of review in this case, and dated July 20, 1932, fixed a delay of twenty days for filing briefs; but this order

did not, as a condition precedent, impose a penalty of dismissal of plaintiff's application, if she failed to file a brief within the delay fixed by the order. The clear purpose of the order was to allow the parties to file briefs within the delay of twenty days, if they so desired, otherwise the court would proceed without them and dispose of the case.

The plaintiff set forth, in her petition for the writ of review, all the law and the facts of the case, and cited all the decisions bearing on the matter. A printed brief would not have added anything new, but would have entailed considerable expense upon plaintiff. Since the order of the court did not make the furnishing of the brief mandatory, the failure of plaintiff to furnish defendant with a printed brief is not sufficient ground to dismiss her application.

The motion to dismiss is therefore overruled.

It is ordered that the judgment of the Court of Appeal, First Circuit, sustaining the plea to the jurisdiction ratione materiæ of that court, annulling its first judgment, and dismissing plaintiff's appeal, be set aside, and that the plea to the jurisdiction be overruled.

It is now ordered that this case be remanded to the Court of Appeal, First Circuit, that it be reinstated on the docket of that court, and that it be proceeded with in due course to final hearing and judgment.

It is further ordered that defendant pay the costs of the proceedings in this court.