## DUCRE v. MILNER.

Court of Appeal of Louisiana. First Circuit.
March 7, 1933.

Hiddleston Kenner, of Lacombe, for appellant.

P. M. Milner, of New Orleans, for appellee.

MOUTON, Judge.

In our opinion rendered March 8, 1932, the judgment of the district judge maintaining the exceptions filed by defendant was annulled and avoided, the exceptions were overruled, and the case was remanded for trial, according to law. 140 So. 158.

A motion was filed by defendant for a rehearing on various grounds; also, for want of jurisdiction ratione materiæ in this court.

The plea to our jurisdiction was maintained which resulted in the annulment of our original judgment and the dismissal of the appeal for our lack of jurisdiction. 141 So. 617. The Supreme Court, under a writ of review (175 La. 897, 144 So. 610), reversed our judgment, avoiding our original judgment based on want of jurisdiction and ordered that this case be reinstated on our docket for final hearing, which was complied with by this court.

Counsel for defendant has filed another motion for a rehearing which embodies practically the same grounds presented in his original motion, with the exception of his complaint that we had no jurisdiction ratione materiæ which was disposed of by the Supreme Court adversely to his contentions and to our ruling thereon.

As we have hereinabove stated, defendant urged various exceptions to the suit of plaintiff.

The first was that she did not have the right to sue as the legitimate child of Toussaint Ducre.

In our original opinion we passed on this question, saying that by the evidence in the case of Drauzin Ducre v. Milner it had been shown that the marriage of Toussaint Ducre with plaintiff's mother had taken place in the Catholic Church at Bonfouco, St. Tammany Parish, and that this church with its records had since been destroyed by fire. We find no reason to change our views on that question. In our decision we also referred to the testimony of the plaintiff which shows that Toussaint Ducre and Adelaide Belancier, mother of plaintiff, always held themselves out to the public as man and wife, reared a large family, supported plaintiff, educated her, and gave her all the assistance they could and the care a child may expect from his parents. Under such state of facts, we held, as follows: "That the legitimacy herein involved should be upheld until it was shown that no marriage between them ever took place, or that it was void on account of some nullity established by law." John Blasini v. Succession of Sylverter Blasini, 30 La. Ann. 1388.

In the present application for a rehearing counsel refers to the Constitution of 1825, which prohibited a marriage between whites and negroes, and says that if Toussaint and Adelaide were ever married by a priest or minister as it occurred before 1870, when that inhibition was removed by the Legislature, the alleged marriage was consequently null and void.

The proof shows that plaintiff had negro blood, but it does not appear from which of her parents she had gotten her colored blood and which one of her two parents was white or colored, or whether both were colored or not. Hence, there is no ground to support that contention of counsel.

The next exception filed is that plaintiff had not set out a cause or right of action.

We have fully passed on that exception in our original opinion and adhere to what we said in reference to that contention.

A judicial estoppel was also urged by defendant.

There was no ground for that exception as far as we could find, and little, if anything, was said about it by counsel for defendant. This question will be passed without further comment.

In her deposition taken under commission, plaintiff said that she is a married woman.

Grounding himself on that admission, defendant urged the dismissal of her suit because her action was brought in her maiden name but no written exception had been filed, in limine, by defendant, or later contesting her capacity to sue.

We shall, however, pass on this objection so raised and urged, on which it is contended by defendant that her suit should be dismissed.

We held that she was suing for her separate and paraphernal property and that she

736

could bring the suit in her name and without the authorization of her husband.

Counsel says that we misconstrued the character of his exception as he did not claim she had to be authorized by her husband but that under C. P. art. 172, she had to bring the suit in her married name or her name as a married woman.

Article 172, C. P. reads that the petition must mention "the name, surname and place of residence of the plaintiff."

In our original opinion, we referred to Act No. 244, page 435, 1918; Act No. 219, 1920, page 364. In both of those acts, in providing for a married woman's rights in reference to her separate and paraphernal property, it is said that she may "appear in courts, and to sue and be sued, to the same extent and in the same manner as though she were a femme sole."

Femme means woman and upon that we may say there can be no disagreement.

The Century Dictionary says: "In law the word 'sole' means single; unmarried; not having a spouse; as, a femme sole."

It is in that sense, we think, the word "sole" is used in those statutes. If the statutes only said a married woman could sue to the "same extent" as though a "femme sole," it might be properly said that she would have to appear in her married name. The statutes, however, go further than that and, continuing from the above-quoted expression, say, "and in the same manner as though she were a femme sole." If a woman be sole, that is, single and unmarried, in what "manner" would she bring her suit? That we may arrive at a correct understanding of the provisions above referred to, it is necessary to see what is the meaning of the word "manner" as employed in the statutes.

The word "manner" is defined as being a way, mode; method of doing anything or mode of proceeding in any case or situation. Century Dictionary.

In referring to the suit a married woman may institute in matters involving her separate property, these statutes say, "and in the same manner as though she were a femme sole." Such a woman is one who is single or unmarried as above shown, not having the good or bad fortune of having a husband and of necessity her suit would have to be brought in her maiden name. This would be the "manner," way, or "mode of proceeding" that a femme sole would have to pursue. As the statutes say that a married woman may proceed in the same manner as a "femme sole," she is therefore entitled to the right of instituting her suit in her maiden name.

Counsel for defendant says that in saying that plaintiff could sue without the authorization of her husband we had fallen into a misconception of his position which was based on the proposition that she could not sue in her maiden name. The reasons advanced by us in the foregoing statement may have led us in dwelling in our original opinion on the provisions of the statutes which, in cases of this nature, dispense with the necessity of the husband's authorization. In that respect counsel agrees with us, but not in our finding that a married woman may bring suit in her individual name, as it was instituted in the instant case.

We hold that it was properly brought and the exceptions of defendant on this issue and on the others, hereinabove discussed, were properly overruled in our original judgment, which annulled and avoided the judgment of the district court, remanding this case to the lower court to be proceeded with according to law.

The rehearings applied for in the first and second applications filed by defendant are therefore denied and refused.