This suit involves a tract of land 25 feet wide off of the west side of SW 1/4 of SE 1/4 of Section 4, Tp. 15 S., R. 6 W., in Cameron Parish. Plaintiff alleges that he and defendant are co-owners, in indivision, of this strip of land in the proportion of 2/3 to himself and 1/3 to the defendant. He avers that he acquired a one-half undivided interest in the said property from Mrs. Joe Bertrand, the surviving widow in community with Joe Bertrand, and a one-sixth undivided interest from Edward J. Bertrand and Amanda Bertrand Domingo, two of the heirs of Joe Bertrand. He annexed the two deeds of his purchase to his petition and made them part thereof, the former deed being dated June 19, 1937, and recorded on July 6, 1937, and the latter deed being dated May 24, 1937, and recorded on July 10, 1937. Each of these two deeds recites that for and in consideration of the sum of $25 and other valuable consideration, the vendors grant, sell and convey, with full warranty, all of their interest in a strip of land 25 feet off of the west side of Sec. 4, Tp. 15 S., R. 6 W. After this description, in each deed appears the following clause: "Said land is conveyed for the sole purpose of a right ofway. The said vendors herein reserve the right to use and travel said right of way, at any and all time" (italics ours).
Plaintiff further alleges that the defendant acquired the remaining undivided 1/3 interest in the property from Amanda Domingue and others by act of sale dated July 21, 1937, duly recorded in conveyance records for the Parish of Cameron, and annexed to his petition a certified copy of said deed and made it a part thereof. Plaintiff also annexed to his petition copy of an act of sale of date July 20, 1937, from Edward Bertrand to defendant of an undivided 1/12 interest in and to the succession of his deceased father, Joseph Bertrand. It appears from these deeds that defendant became the sole owner of all of the real property belonging to the estate of Joseph Bertrand and owned by the widow in community and his heirs, without reservation, including this strip in question. These deeds are subsequent, both as to date and recordation, to plaintiff's deeds.
Plaintiff further alleged that he was unwilling to remain in indivision of the said *Page 229 
property, and asks that an inventory of the property be taken and experts be appointed to determine whether the property could be divided in kind or whether there should be a partition by licitation.
The prayer of his petition is in accordance with his allegations, to the effect that a judgment be rendered ordering a partition in kind upon such terms as the court may fix, and that the parties be referred to a Notary Public for the purpose of completing the partition.
Pursuant to his petition, a notary public was appointed, with two appraisers and experts who were to value the property and report whether the property could be divided in kind. The notary and the appraisers made an inventory of the property and they valued the same at $25, but made no report as to whether or not the property could be divided in kind.
After the filing of the inventory, the defendant filed an exception of no cause of action which was either overruled or disregarded, since we find nothing in the record showing any disposition of the same.
Thereafter, defendant filed an answer in which he denied that plaintiff had acquired any interest in the strip of land, and averred that he was the sole and exclusive owner of the land.
From the record, the case must have been submitted on the face of pleadings together with the documents thereto annexed and the inventory, as we fail to find any other evidence or minute entry referring to any other evidence. The trial judge held that plaintiff was the owner of a servitude affecting an undivided two-thirds' interest in the strip of land and held that plaintiff had a right under Article 740 of the Civil Code to ask for and secure a partition in kind of this servitude on the land, and held further that defendant was the sole owner of the land itself and ordered a partition in kind to be had of the property in order that it might be determined on what portion of this land the servitude would lie and named a notary to complete the partition.
The defendant filed a motion in the trial court for a rehearing or a new trial. He concurred in the finding of the court that plaintiff did not own any interest in the land and in the holding that defendant was the sole fee owner thereof. He alleged, however, that the court erred in holding that the two deeds to plaintiff gave plaintiff an undivided 2/3 interest in a right of way or servitude on the land, and ordering a partition in kind of the property so as to determine where the servitude would lie as being beyond the allegations of plaintiff's petition and prayer. He also alleged that there was no evidence to show that the property could or could not be divided in kind. This motion was overruled.
The defendant then asked for and obtained an order of appeal from that part of the judgment which decreed plaintiff to have an undivided interest in the servitude on the land, and which ordered a partition in kind. To support jurisdiction of the appeal to this court, the defendant annexed to his motion for appeal an affidavit stating the property involved to be worth more than $125 and less than $2,000.
Several motions and pleadings were filed in this court which will be considered before discussing the matters presented on the merits.
Plaintiff and appellee filed a motion to dismiss the appeal on the ground that the amount in dispute is less than $100 and that therefore this court has no jurisdiction ratione materiae. As this affidavit annexed to the motion for the appeal shows that the value of the property in dispute is over $100 and less than $2,000, and as title to real estate is involved, the district court had exclusive original jurisdiction, and, necessarily, under Section 29 of Article 7 of the present Constitution, this court has appellate jurisdiction of the case. See also Ducre v. Milner, 175 La. 897, 144 So. 610. The motion is overruled.
The plaintiff and appellee also filed an answer to the appeal, asking that the judgment be amended by decreeing him to be the owner of an undivided 2/3 interest in the strip of land instead of being the owner of a servitude thereon and as thus amended the judgment be affirmed.
The defendant and appellant filed a motion objecting to the consideration of the answer to the appeal for the reason that the same was filed too late, the answer having been filed in less than three days prior to the hearing on appeal as required by the rules of this court and the Code of Practice. However, answers to appeals to this court may be filed at any time before argument and within the first three days of the regular session of the Court. The answer in this case was filed on the first day of our session at Lake Charles and before argument *Page 230 
and submission of the case. Act 103 of 1908, amending Code of Practice Article 890; Goynes v. St. Charles Dairy, Inc., La.App., 197 So. 819. The motion is overruled, and the answer will be considered as being filed in time.
Defendant and appellant then filed a motion in this court to have a judgment rendered in his favor on the record for three reasons: (1) That he had only appealed from that part of the judgment which decreed plaintiff to be the owner of an undivided 2/3 interest in a servitude on the strip of land. (2) Plaintiff had not appealed from that part of the judgment which rejected his demand as owner of an interest in the land and which recognized defendant as sole owner thereof. (3) That in his answer to the appeal, plaintiff admits that he is not the owner of a right of way or servitude on the land, thereby admitting that portion of the judgment to be erroneous.
It is true that defendant and appellant only appealed from that portion of the judgment by which he was aggrieved, yet plaintiff had the right to answer the appeal and complain of that portion of the judgment which was against him, thereby putting at issue the whole judgment rendered. The matter really goes to the merits of the cases and therefore this motion is also overruled.
On the merits, we are of the opinion that the trial judge correctly held that the plaintiff did not acquire an undivided 2/3 interest in the strip of land in contest from the widow and two of the heirs of Joe Bertrand. While the formal parts of the two deeds are couched in the language of a straight out warranty sale of an interest in the land, yet the restrictive clause heretofore quoted shows that the only thing sold and granted to plaintiff by owners of 2/3 of the fee was a right of way over this particular strip of land. This servitude was definitely fixed. There was nothing to prevent the widow and these two co-heirs as co-owners from transferring to plaintiff such servitude; but, as all of the co-owners had not joined in granting this servitude, its execution is suspended until the consent of the co-proprietors is given. Civil Code, Article 738.
The servitude thus granted to plaintiff is a real or predial servitude. It is our understanding of the law that such a servitude is not susceptible of division, either real or imaginary. The obstacle that prevents the execution of the right of this servitude contemplated by Article 738, supra, is not an obstacle which plaintiff can neither prevent nor remove. He can remove this obstacle at any time by suing for a partition of the land if the land is still owned in indivision. If the partition has to be by licitation and if the grantor of the servitude purchases the property at the auction sale, then the servitude exists as if he had always been the sole owner; otherwise the servitude is extinguished and the grantor must return the price. Likewise, if the partition is made in kind and the grantor becomes the sole owner of such property burdened with the servitude, the servitude exists as if he had always been the sole owner. If the co-proprietor who has established a servitude sell his undivided interest to a person who afterwards becomes the owner of the whole, either by licitation or the purchase of the interest of the remaining co-owners who have not granted the servitude, then he is, like his vendor, bound to permit the exercise of the servitude as established by his vendor. See C.C. Articles 656, 657, 739, 740, 741, 742.
In the case at bar, defendant had acquired the entire interest of the widow and all heirs of Joe Bertrand and the property upon which this servitude may exist was entirely owned by him at the time of the filing of this suit; it therefore follows that plaintiff did not have the right to sue for a partition of the property upon which his servitude may exist. He is of necessity relegated to another action to have his servitude, if any, recognized on the whole strip of land in question rather than by an action of partition, or to an action against his grantors for return of the price. His pleadings do not justify the determination of whether or not he has a servitude or is relegated to an action against his grantors for return of the price.
For these reasons, the judgment of the lower court is affirmed in so far as it recognizes defendant to be the sole owner of the following described property, to-wit: "The west 25 feet of SW 1/4 of SE 1/4 of Section 4, Tp. 15 S.R. 6 W., Louisiana Meridian"; otherwise the judgment is annulled, reversed, and set aside with full reservation to plaintiff to bring such action as the case may grant and require; costs of both courts to be paid by plaintiff. *Page 231