ELLIS, Judge.
Plaintiff instituted this suit in which he prayed for damages which he itemized in his petition as the result of an alleged automobile collision between his motor vehicle and that of O. K. Kent but driven by the defendant Louis H. Lejeune. Also made defendant was the insurer of defendant Kent.
This suit was filed as an ordinary one and not as an action in forma pauperis, and counsel for plaintiff in their brief state that they advanced the cost.
A trial by jury was requested and granted and resulted in a judgment for the defendants which was duly read and signed on the 11th day of April, 1955, and on the same date motion for new trial was overruled. On this date the minutes in addition show:
“There appears in the record a supplemental and amended petition of plaintiff, Robert Morgan, dated December 31, 1954, requesting leave of Court to prosecute this case in forma pauper-is; which motion bears no filing date, and which has not heretofore been presented to the Court for signature by the Court.
“On motion of Mr. Stracener, counsel for plaintiff, the Court will at this time sign the order, permitting this suit to be prosecuted in forma pauper-is for such legal effect as the order may have under the circumstances hereinabove set forth.”
A devolutive appeal was granted to this Court returnable August 20, 1955.
On September 7, 1955 plaintiff-appellant through his counsel filed in this court a petition for a writ of mandamus in which it was alleged that the Clerk of Court of the Eighteenth Judicial District “in compiling and lodging the record in this Honorable Court failed to include a transcript of the evidence taken down by the reporter, and which is available for transcription,” and further alleged “that Appellant has prosecuted this appeal under the Forma Pauper-is Act [LSA-R.S. 13:4525 et seq.],” and “that the appeal taken in this matter cannot be considered without a transcript of evidence taken on the trial,” and that “it is the duty of the Clerk of Court of the Eighteenth Judicial District Court to cause this testimony to 'be transcribed and to return same into this court.” Wherefore, he prayed that an alternative writ of mandamus issue herein directed to the Clerk of the Eighteenth Judicial District Court commanding said Clerk to transcribe and return into this court the testimony taken in evidence on the trial of this case “or to show cause to the contrary.”
The Clerk of Court has answered the rule which will be fully discussed herein, and defendants-appellees have filed a motion to dismiss the appeal and alternatively to remand the case to the trial court so that the latter may pass upon a rule to traverse the oath of the plaintiff-appellant that he was a “citizen” of the State of Louisiana and entitled as such to proceed in the Louisiana Courts in forma pauperis.
The Court must therefore pass upon the request for a mandamus and the motion to dismiss plaintiff-appellant’s appeal.
Writ of Mandamus.
Counsel for plaintiff-appellant in his brief bases his argument for a favorable ruling upon his petition for a mandamus upon Article 601 of the Code of Practice which states that either party may require the Clerk to take down the testimony in writing and cites in support thereof Williamson v. Enterprise Brick Co., 1938, 190 La. 415, 182 So. 556, and that it is also the duty of the Clerk of Court to take down the testimony in writing or have it taken down by a deputy or stenographer, and the fact that the case is one in forma pauperis does not exempt the court from this duty, and he cites Kilcrease v. Ouachita Coca Cola Bottling Co. Inc., La.App. 2 Cir., 197 So. 165, and he finally argues that the failure of the Clerk of Court to perform her duty should not be visited upon the appellant, citing Bolton v. Eznack, La.App. 2 Cir., 1939, 187 So. 840.
If the facts in this case could be made to fit the rule which .counsel for plaintiff- *674 appellant has cited and relies upon, then he., would be entitled to the relief prayed for,' but the facts as shown by the record, the - return of the Clerk, affidavit of Hon. Paul B. Landry, Jr., Judge, and of Mrs. Mary E. Meriwether, Notary Public and Stenographer, privately employed by counsel for plaintiff-appellant, show conclusively facts which render the law and cases relied upon by plaintiff-appellant inapposite.
The answer of the Clerk is to the effect that' this suit was filed on Feb. 28, 1951 as an ordinary suit and not as an action in forma pauperis, which fact is admitted by plaintiff-appellant, and that in October of 1954, over three years after suit was filed, the original petition was amended to ask for an increase in the amount of damages sought and the trial by Jury, and at that time no effort was made nor motion presented to the court to convert the suit into an action in forma pauperis, but that on December 31, 1954 by petition plaintiff-appellant prayed for an order permitting him to prosecute this action in forma pauperis, however the Court did not sign the order permitting same until April 11, 1955 which was ten days after the cause had been tried. The Clerk further answered that prior to the commencing of the trial, Judge Paul B. Landry, Jr. informed the attorneys for plaintiff-appellant that the court did not have a salaried or regularly employed court reporter and that if he desired the testimony to be taken and/or notes of evidence to be made under the provisions of the forma pauperis act, the Clerk of Court would be required to take the testimony and to make notes of evidence in longhand, which procedure would be time consuming and prolong the trial of the matter. Attorney for plaintiff-appellant then stated to the court that he did not desire the clerk to take the testimony at the trial nor make notes of evidence and, further, that he assumed full responsibility for the employment and payment of a court reporter, and in pursuance of such statement employed Mary E. Meriwether, whom neither the defendants nor any other official or officer of the' 18th Judicial District Court ever contacted, and that prior to the commencement .of the trial, Judge Paul B. Landry, Jr. informed this reporter that counsel for plain-tilf-appellant was the only party responsible to her for payment for her services. The answer further sets forth that counsel for plaintiff-appellant paid the reporter her fee for her appearances and that the trial of the matter was concluded on March 30, 1955 and the Jury rendered judgment in favor of the defendant.
The Clerk further answered that the fact that the transcript was not complete was due solely to the laches of plaintiff-appellant.
Also in the record is a certificate of Hon. Paul B. Landry, Jr., the trial judge, and two certificates of Mary E. Meriwether who reported the case. These certificates can be considered by this Court under the express ruling of the Supreme Court in the case of Ducre v. Milner, 175 La. 897, 144 So. 610, in which it was held that the right of the Supreme Court to determine fact questions affecting jurisdiction held rule of practice regulating appeals, and therefore applicable to Court of Appeal. Code Prac. art. 877; Const. 1921, art. 7, § 27, par. 2-LSA.
The certificate of Judge Landry states that counsel for plaintiff-appellant was informed that in view of the lack of a salaried or regularly employed court reporter, the testimony in the case could be taken only in one of two ways: Either the Clerk of Court would be required to take the testimony in longhand or otherwise, which procedure would be longer and would necessitate trial of the case over a long period of time, or counsel for plaintiff-appellant could make his own arrangements to employ and pay a court reporter to take and transcribe the testimony. The judge further stated that upon being so advised counsel stated to the court that for practical reasons, he did not desire the clerk to take the testimony in the case and that he assumed full responsibility for the employment and payment of a court reporter and that accordingly counsel secured the services of Mary E. Meriwether, and that prior to the commencement of the trial that she was in *675 formed that she must look to counsel for plaintiff-appellant for payment for her services.
The reporter, Mary E. Meriwether, employed by counsel for plaintiff-appellant stated in her certificate that she was employed by Mr. H. Alva Brumfield, one of the attorneys for plaintiff-appellant, and that when she entered the court room Judge Landry advised her the case was being tried under forma pauperis (Judge Landry was in error as previously shown by the minutes quoted herein) and she stated that she was sure that Mr. Brumfield would see to it that she was recompensed. After she had finished reporting the case she submitted her bill to Mr. Brumfield in the sum of $135 covering her appearances fee and same was paid immediately. She further stated that “sometime ago Mr. Brumfield called my office and asked if she had begun the transcription and she advised him that she had not. He told me again that it was in for-ma pauperis and he would have to see how many copies were needed and how he was to be paid.” The above certificate was given on the 8th day of September 1955 and was supplemented by another one on the 21 of September, 1955 in which Mrs. Meri-wether stated that she was never contacted in connection with this work prior to the trial by the Clerk of Court of West Baton Rouge Parish or any other officer, agent or employee of the said parish or of the said 18th Judicial District Court, nor was she ever lead to believe that the said parish or court had ever employed her or would pay her for any work in coiine.ction with the trial. She further stated:
“On several occasions after the trial of the case, and after I knew that the case had been appealed, I inquired of Mr. Brumfield what, if anything, I should do about typing up the-transcript of the testimony. In reply to this question, he asked that until notified, I should take no action to type it up. The last time that I asked this question of Mr. Brumfield and was so instructed was, to the best of my memory, during the week prior to the return date of this appeal, within a week prior to August 20, 1955.”
Under the facts the Clerk of Court was not obligated nor responsible for payment to the reporter privately employed by counsel for plaintiff-appellant, and was relieved of her duty as expressed in Article 601 of the Code of Practice. This case was tried as an ordinary case and no order for it to be tried under forma pauperis was obtained until after an adverse verdict by the jury and all the testimony had been heard and taken down by the private stenographer employed by counsel for plaintiff-appellant.
It is not necessary that we pass upon the legality or effect of the order allowing the plaintiff-appellant to proceed in forma pauperis after a complete trial. It is sufficient only to specifically hold which we do, that plaintiff-appellant was solely responsible under the particular facts of this case for payment of the stenographer and for the filing of the testimony in the transcript prior to the return date so that the Clerk of Court could forward the record to this Court to be heard on appeal.
Plaintiff-appellant’s petition for mandamus is hereby denied and the rule dismissed.
Motion to Dismiss.
It is agreed by counsel for both appellant and appellees that where the failure to file the record in the appellate court was not due to, the fault of the appellant that a motion to dismiss should be denied. Code of Practice art. 587; Riggs v. F. Strauss & Son, La.App., 2 So.2d 501; Jackson v. Weeden, 17 La.App. 306, 135 So. 745; Stockbridge v. Martin, 162 La. 601, 110 So. 828; Woodward v. Blair, La.App., 197 So. 920; Bolton v. Eznack, supra.
Under the facts of this case it was not the failure of the Clerk of Court to perform any duty imposed upon her by law which left this record incomplete, but was directly the fault of the plaintiff-appellant who instructed the reporter employed by him within a week prior to August 20, 1955, the return date for the transcript to be lodged in this court, that she should take no action *676 to type the testimony taken by her at the trial.
The failure to have the testimony filed in the transcript and accordingly lodged in this Court on the return date was due to the fault of the plaintiff-appellant and accordingly the motion to dismiss the appeal is hereby sustained and the appeal of plaintiff-appellant dismissed.