**Jack R. ROY and Jean Moreau Roy**

v.

**SOUTH CENTRAL BELL TELEPHONE COMPANY.**

**Civ. A. No. 90-0394.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Dec. 10, 1990.

---

William J. Bennett, Marksville, La., for plaintiffs.

J. Michael Percy, Alexandria, La., for defendant.

### RULING

LITTLE, District Judge.

Plaintiffs own real property in Avoyelles Parish, Louisiana. They claim that South Central Bell Telephone Company has caused telephone cable to be buried on their property without their consent. The plaintiffs' state damage suit was properly removed to this court as the parties are of diverse citizenship and the monetary consequence of a successful suit could easily exceed $50,000.

Believing that its cables are not illegally interred in the Roy land, Bell filed a motion for summary judgment. Stripped to its essentials, the defendant's argument is as clear as a bell. In 1982, Charles H. Masters, Jr. as grantor, established a servitude on his property wherein Bell was authorized to bury telephone cable on the Masters property. The instrument creating the servitude is dated 10 December 1982 and filed for record on the same date in COB A327, folio 840, records of Avoyelles Parish, Louisiana. Masters owned but an undivided one-half of the property burdened with the newly created servitude. The purported representation by Masters of the other undivided one-half owner, one Albert M. Abramson, was without authority. Thus, Masters' signature for Abramson on the December 1982 instrument produced no civil consequence.

The plaintiffs acquired the undivided one-half interest in the property owned by Masters (on which Masters had granted the servitude described in the previous paragraph) by deed dated in March of 1989 registered in COB A374, folio 1190, records of Avoyelles Parish, Louisiana. In the same year, the plaintiffs acquired the undivided one-half interest in the property owned by the Succession of Albert M. Abramson. The deed is registered in book A377, folio 722, conveyance records, Avoyelles Parish, Louisiana. Thus, the plaintiffs acquired the Abramson's one-half interest in the property upon which no servitude had been granted as well as the one-half interest owned by Masters upon which a servitude had been granted to Bell.

Bell claims that when the Roys acquired ownership of the property upon which a successor in title to an undivided interest had granted a servitude that the entire property became subject to that servitude.

The Bell position is well founded in Louisiana law. When an undivided owner grants a servitude, the grantee has no right to immediate use but must wait for the consent of the remaining co-owners. This is the general rule:

> A predial servitude on an estate owned in indivision may be established only with the consent of all the co-owners.

> When a co-owner purports to establish a servitude on the entire estate, the contract is not null; but, its execution is suspended until the consent of all owners is obtained.

La.Civ.Code Ann. art. 714 (West 1980); *Savoie v. Bills*, 317 So.2d 249, 256 (La.Ct.App. 3rd Cir.), *writ dismissed*, 320 So.2d 554 (1975).

When the grantor of the servitude over his undivided interest in property later acquires the ownership of the entire property, the servitude first granted immediately affects the entire estate. This is the result of the application of Louisiana Civil Code article 715:

> A co-owner who has consented to the establishment of a predial servitude on the entire estate owned in indivision may not prevent its exercise on the ground that the consent of his co-owner has not been obtained.
>
> If he becomes owner of the whole estate by any means which terminates the indivision, the predial servitude to which he has consented burdens the property.

La.Civ.Code Ann. art. 715. Extension by analogy of this precept solves the problem presented in this case. Here, Masters, an owner of an undivided interest in real property, granted to Bell a predial servitude over that undivided interest. Later, the Roys, plaintiffs in this suit, acquired the interest of Masters *and* of his non-consenting co-owner. Thus, the Roys became the owner of the entire estate upon which a former undivided co-owner had granted a predial servitude. It is our holding that the entire estate is subject to the servitude.

Although dicta, the language of the First Circuit Court of Appeal in *Fawvor v. Crain*, 6 So.2d 227, 230 (La.Ct.App. 1st Cir.1942) is instructive:

> If the co-proprietor who has established a servitude sell [sic] his undivided interest to a person who afterwards becomes the owner of the whole, either by licitation or the purchase of the interest of the remaining co-owners who have not granted the servitude, then he is, like his vendor, bound to permit the exercise of the servitude as established by his vendor.

In his monumental work on predial servitudes, Tulane University Law Professor A.N. Yiannopoulos addresses the issue of this case:

> If the grantor of the servitude becomes subsequently owner of the whole estate by any means which terminates the indivision, such as licitation, sale, donation, or exchange, the predial servitude to which he has consented burdens his property. These provisions indicate that the creation of a predial servitude by a co-owner is, in effect, a conditional grant that becomes absolute either upon approval of all the co-owners or upon acquisition of the ownership of the entire estate by the grantor *or his successors*.

A. Yiannopoulos, 4 *Louisiana Civil Law Treatise, Predial Servitudes*, § 116 (1983) (emphasis supplied).

The parties have a dispute concerning the legal description appearing in the granting deeds. A trial will decide that issue. For that reason, the summary judgment in favor of defendant is GRANTED on the legal issue detailed in this opinion. A formal judgment will await the determination of the description issue.